37    85
93   260

## MARSH'S ADM'R *vs.* ELSWORTH.

[BILL IN EQUITY TO ENFORCE FOREIGN STATUTORY LIEN ON SLAVE.]

1. *Extra-territorial operation of statutory lien.*—The lien created by the Mississippi statute of 1829, on property sold by an administrator under an order of the probate court, (Hutchinson's Miss. Code of 1848, p. 675, ch. 49, art. 8, § 3,) cannot be enforced in this State, against a purchaser who here acquired the property in good faith for valuable consideration.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WADE KEYES.

THE original bill in this case was filed on the 19th March, 1853, by James Minter, as the administrator of Samuel B. Marsh, deceased, against George Elsworth; and an amended bill was afterwards filed, to which F. G. Kimball, as the administrator of Mrs. Julia D. Marsh, who was the widow of said Samuel B. Marsh, was made a defendant. The object of the bill was to enforce a statutory lien on a slave, named Lizzie, who had been sold by the plaintiff, in Mississippi, under an order of the probate court of Carroll county, and who was in the possession of the defendant Elsworth at the commencement of the suit. The sale was made by the administrator on the 8th January 1849; and the slave was purchased at the sale by the decedent's widow, who executed her note for the purchase-money, and who

afterwards removed to this State, bringing the slave with her. The defendant Elsworth acquired the slave by purchase from one Buckholt, (who was a nephew of Mrs. Marsh,) on the 15th March, 1849, at the price of $250. The Mississippi statute, under which the complainant claimed the lien which he sought to enforce, was set out in the bill, and is in these words : "When any real or personal estate, or both, of any deceased person, or of any minor, shall be sold by the order of any probate court, on a credit, the said property shall be held and remain subject and liable to the payment of the sum or sums for which it was sold, and the interest thereon, in preference to any other claim or claims of the purchaser of said property, or the assignee of said purchaser, and shall be held liable to the payment thereof, as if a mortgage had been taken on the said property, to secure the payment thereof."—Hutchinson's Mississippi Code of 1848, page 675, chapter 49, article 8, section 3. The bill alleged, that Mrs. Marsh died in this State, in the fall of 1852, insolvent, and having never paid any part of the purchase-money of the said slave ; and prayed that the slave might be subjected to the satisfaction of the complainant's statutory lien, and for general relief. The defendant Elsworth claimed to be a *bona fide* purchaser, for valuable consideration, without notice of the complainant's alleged lien ; insisted that the Mississippi statute could have no extra-territorial operation, as against him, and demurred to the bill, for want of equity.

On final hearing, on pleadings and proof, the chancellor dismissed the bill ; and his decree is now assigned as error.

ROBERT B. ARMSTEAD, for appellant.—1. The general rule undoubtedly is, that the purchaser of personal property acquires no better title than his vendor had. No fraud being alleged, the doctrine of *caveat emptor* applies, and Elsworth must look to the warranty of his vendor, who, in his turn, acquired only the title of Mrs. Marsh.

2. What was the title of Mrs. Marsh ? Under the Mississippi statute of 1829, as set out in the record, she had

only an equitable interest, in the nature of an equity of redemption. The administrator's sale effected no change of title.—1 Sm. & Mar. 220 ; 10 *ib.* 143–49.

3. The removal of the property to this State did not affect the plaintiff's lien, in the absence of a positive statute relieving it of the lien.—32 Maine, 28; 10 N. H. 45.; Story's Conflict of Laws, §§ 401, 402.

4. The registration statutes of this State do not apply to the case.—*Beall v. Williamson,* 14 Ala. 55 ; *Swift v. Fitzhugh,* 9 Porter, 39.

CHAMBERLAIN & HALL, *contra,* cited and relied on *Donald & Co. v. Hewitt,* 33 Ala. 546 ; *Hanrick v. Andrews,* 9 Porter, 24 ; 13 Peters, 589 ; *McCoy v. Odom,* 20 Ala. 506.; Story on Conflict of Laws, §§ 583, 631,

STONE, J.—The statute of the State of Mississippi, copied into the bill, preserves only a statute lien on property sold as this was. It does not prevent the title from passing to the purchaser. Such lien being only one of the incidents given by the law, it results that, as against a purchaser, who, in good faith, acquires title within another jurisdiction, such lien can have no binding operation in the new jurisdiction.—See *Donald v. Hewitt,* and authorities cited, 33 Ala. 534, 545–6.

Decree of the chancellor affirmed.