# Weinstein *v.* Freyer.

*Statutory Detinue for Piano.*

1. *Conditional sale of personal property; retention of title by seller.* Under the settled decisions of this court, when the vendor of personal property expressly retains the legal title in himself until the purchase-money is paid, no title passes to the purchaser by the delivery of possession, and he can convey none to a sub-purchaser, though without notice, until the purchase-money is paid.

| 93 | 257 |
|----|-----|
| 98 | 645 |
| 93 | 257 |
| 103 | 429 |
| 93 | 257 |
| 110 | 245 |
| 93 | 257 |
| 119 | 98 |
| 93 | 257 |
| 121 | 97 |
| 121 | 99 |
| 93 | 257 |
| 140 | 248 |

[Weinstein v. Freyer.]

2. *Same; conflict of laws.*—By the laws of Georgia, as proved in this case, the reservation of title by the seller until the property is paid for, though invalid as against third persons unless the contract is reduced to writing, acknowledged, and duly recorded, is valid as between the parties; and if the purchaser, holding possession under such a conditional sale, brings the property into Alabama, and here sells it to a third person, the title of the latter can not prevail against that of the original vendor under the laws of Georgia.

3. *Possession of personal property under unrecorded loan or contract.* A purchaser of personal property, from a person who is in possession of it, can not invoke the protection of the statute in reference to possession under unrecorded loans and contracts (Code, § 1817), unless the possession has been so held in this State for three years.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by F. L. Freyer against I. H. Weinstein, to recover a piano, which the plaintiff (or Freyer & Co.) had sold to one Paul Franklin, and which the defendant claimed by purchase from said Franklin. The sale by Freyer & Co. to Franklin was made in Georgia, October 29th, 1885, as evidenced by a written contract which reserved the title to the seller until the agreed price was paid. After the lapse of about two years and a half, Franklin removed to Birmingham, Alabama, bringing the piano with him; and he there sold it, in April, 1889, to the defendant in this suit, who paid a reasonable price for it, and had no notice of plaintiff's claim. A trial by jury being waived, the court rendered judgment for the plaintiff; and this judgment is here assigned as error.

J. E. LONG, and M. LOVEMAN, for appellant, cited *Castleman v. Jeffries*, 60 Ala. 380; *Sumner v. Woods*, 67 Ala. 139; 3 Amer. St. Rep. 198; 37 Amer. Rep. 668; Benj. Sales, 413, § 449; Code, § 1817.

CABANISS & WEAKLEY, *contra*, cited *Marvin Safe Co. v. Norton*, 48 N. J. Law, 410; 1 Rich. Eq. (S. C.) 187; *Sumner v. Woods*, 67 Ala. 139; *Fairbanks v. Eureka Co.*, 67 Ala. 109; *Donovan v. Pitcher*, 53 Ala. 411; 3 H. & M. (Va.) 406; 1 A. K. Mar. 7; 4 Bibb, 170; 3 Sm. & Mar. 560; *McCoy v. Odom*, 20 Ala. 502; *Butler v. Jones*, 80 Ala. 439; *Carew v. Love*, 30 Ala. 577; *Durden v. McWilliams*, 31 Ala. 206.

CLOPTON, J.—By the written contract introduced in evidence, Freyer & Co. agreed to sell the piano in controversy to Paul Franklin for three hundred dollars, payable in installments, stipulating that the title and ownership should remain in them until the entire purchase-money is paid, and reserving the right, in case of default in the payment of any part

VOL. 93.

[Weinstein v. Freyer.]

thereof, and the failure of Franklin to return the property on demand, to take possession by legal process. Such contract being, according to our later decisions, a conditional sale, the title does not pass until the contract price is paid, notwith-standing delivery of possession; and a *bona fide* purchaser of the property from the vendee, acquiring only his conditional title, is not protected against a recovery by the original vendor, unless he has conferred on his vendee *indicia* of ownership other than mere possession, or has waived or forfeited his right in the property.—*Sumner v. Woods*, 67 Ala. 139; *Fair-banks v. Eureka Co.*, 67 Ala. 109.

The contract between Freyer & Co. and Franklin was made October 29, 1885, in the State of Georgia, where the vendors and the vendee then resided, and where the property was situated. Franklin, having retained possession in that State for about two and a half years, removed to this State, bringing the piano with him, and about a year thereafter sold it to de-fendant, who paid a valuable consideration without notice of Freyer & Co.'s title or right. The bill of exceptions recites: "The defendant further introduced in evidence certain sections of the Code of Georgia, to the effect that, in conditional sales of personal property in that State, reserving title in vendor until property was paid for, the reservation of title is invalid as against third parties, unless the contract of sale is in writ-ing and acknowledged, and duly recorded within thirty days from its execution; but that the same is valid as between the parties, whether in writing or not, and whether recorded or not." Defendant insists, that the contract of sale having been made and executed in Georgia, his title is determined by the laws of that State, and that the reservation of title, the con-tract not having been recorded, is invalid as to him. The bill of exceptions making no special reference to, nor identifying the particular sections of the Code by number or otherwise, we must take and consider the legal effect of the statutes as set out in the record.

The general rule is, that when the State where a contract is made is also the place of performance and the *situs* of the property, the laws of that State become a part of the contract, and the sufficiency of its execution, its validity, interpretation and legal effect—the rights of the parties to the contract—will be governed by the laws of that State, wherever its enforce-ment may be sought. The rule is founded in comity, extended by express or tacit assent, and the force to be given to the laws of one State in another depends "upon its own proper jurisprudence and polity." When the legislation of a State where the suit is brought is positive, its own tribunals must

conform thereto; also, "where the nation's customary, un-written, or common law speaks directly on any subject, it is equally to be obeyed, being of equal obligation with the posi-tive Code. When both are silent, then only can the question properly arise as to which law shall govern."—3 Amer. & Eng. Ency. of Law, 502, *et seq.* The application of this prin-ciple is essential to prevent injustice and the introduction of insecurity, uncertainty and confusion in the transaction of business.

The direct question involved in this case came before the Supreme Court of New Jersey in *Marvin Safe Co. v. Norton*, 48 N. J. L. 410. The contract for the sale of the property was made and performed in Pennsylvania; the property was immediately transported to New Jersey, and afterwards sold to a *bona fide* purchaser. The reservation of title in a condi-tional sale is, by the law of Pennsylvania, invalid as against creditors and *bona fide* purchasers; the law of New Jersey is the same as in this State. In a suit by the original vendor to recover the property, the purchaser from the conditional vendee set up in defense the law of Pennsylvania. It was held, that his contract of purchase, having been made in New Jersey, its legal effect, and the purchaser's rights under it, were determinable by the law of that State, by which law he acquired only such title as his immediate vendor had when the property was brought into, and became subject to its laws. Depue, J., in an able opinion, says: "If the right of a pur-chaser, under a purchase in this State, to avoid the reserved title in the original vendor on such grounds be conceded, the same right must be extended to creditors buying under a judgment and execution in this State; for, by the law of Penn-sylvania, creditors and *bona fide* purchasers are put upon the same footing. Neither on principle, nor on considerations of convenience or public policy, can such a right be conceded. Under such a condition of the law, confusion and uncertainty would be introduced, and the transmission of the title to movable property, the *situs* of which is in this State, would depend, not upon our laws, but upon the laws and public policy of sister States, or foreign countries."

Our own decisions, so far as they go, are in accord with this doctrine. In *Marsh v. Elsworth*, 37 Ala. 85, it was held, that the lien created by a statute of Mississippi could not be enforced in this State against a purchaser who here acquired the property in good faith for a valuable consideration, on the principle, that liens on personal property given by a statute in one State have no priority of liens subsequently acquired in another State to which the property is carried. The same

[Weinstein v. Freyer.]

principle was asserted in *Donald v. Hewitt*, 33 Ala. 534, and *McCoy v. Odom*, 20 Ala. 502.

As a general proposition, when a contract is valid and binding by the *lex loci contractus*, it is valid and binding everywhere. The statute of Georgia affirms the validity of the reservation of title as between the parties, whether or not the contract is recorded. By the law of that State, the title was in the original vendors when Franklin brought the property into this State, of which they could not be divested except by their voluntary act, or due process of law. We have found no case, and presume none can be found, where, the reservation of title being valid by the law of the place where the parties resided and the property was situated, it was decided that the owner was divested of his title by the removal of the property without his knowledge, and its sale in another State.—*Edgerly v. Bush*, 81 N. Y. 199. When Franklin removed into this State, bringing the piano with him, the property itself, its disposition and the transfer of title became subject to its laws. By the laws of this State, the place of the domicil of the parties, and the *situs* of the property, the legal effect of a sale, and the rights of the parties thereunder, must be determined. By this law, Franklin could not transfer any other or higher title than that he acquired under his contract with Freyer & Co.—a conditional title.

The rule that the validity, interpretation and legal effect of a contract are governed by the *lex loci contractus*, applies only to the determination of the rights and obligations of the parties to the contract. The statute of Georgia does not affix a certain construction and legal effect to the contract, nor impair the validity of any stipulation or condition as between the parties. It did not enter into the contract as an element, and did not affect the rights and obligations of the parties in its inception. In *Harrison v. Sterry*, 5 Cr. 289, it is said, "But the right of priority forms no part of the contract itself. It is extrinsic, and is rather a personal privilege dependent upon the laws of the place where the property lies, and where the court sits which is to decide the cause." Under the statute, the reservation of title, if the contract is in writing, is valid against third persons during the thirty days allowed for recording, and is only rendered invalid by a failure to record it within the specified time. Recording, which is to be done subsequent to the contract, is required to make the reservation of title complete against third parties. The omission to record operates in the nature of a forfeiture of the reservation of title as to creditors and purchasers. The question is not one of validity and construction, but of notice by registration

[Downing v. Woodstock Iron Company.]

and priority of right. The failure to record does not divest the original vendor of the title, but debars its assertion against third parties, conferring on them, if creditors, a lien, and if purchasers a right, prior and superior to the vendor's reservation of title. The statute is founded on the local policy of Georgia, different from the policy of this State. Defendant claims no right of property vested under the laws of Georgia, nor any right other than that acquired under the laws of Alabama. To maintain the right of defendant to hold the property against the claim of the original vendors, would be to make the disposition and transfer of property here situated dependent upon the statute of a sister State, which contravenes the laws and policy of this State—a statute which may be regarded as remedial in its nature. The validity and construction of the contract between the parties, their rights and obligations, when determined by the statute of Georgia, that statute had no further force; all questions pertaining to the nature and extent of the remedy are governed by the *lex fori. Jones v. Jones*, 18 Ala. 248; *Lewis v. Bush*, 30 Min. 244.

Franklin not having had possession of the property in this State for three years before defendant purchased, section 1817 of the Code has no application.—*McCoy v. Odom, supra.*

Affirmed.