### BOHLANDER v. HEIKES.

(Circuit Court of Appeals, Fifth Circuit. April 8, 1909.)

No. 1,848.

1. EVIDENCE (§ 348*)—DOCUMENTARY EVIDENCE—FOREIGN JUDGMENT—CERTIFICATION.

A certificate to a transcript of a judgment was entitled "Common Pleas Court, Montgomery County, Ohio," and was signed, "John C. Good, Clerk Common Pleas Court, Montgomery County, Ohio." It stated under seal of the court that the foregoing pages numbered 1 to 15, both inclusive, contained a full, true, correct, and complete transcript of the record of such court in a case designated by docket number, and then set out the various papers by name included in the transcript, "as the same appear upon the records of the court," concluding with the words, "Given under my hand and seal of said common pleas court of Montgomery county, Ohio, this 31st day of August, 1906." Attached thereto was another certificate reciting: "I, Edward F. Snediker, judge of the common pleas court of Montgomery county, Ohio, do hereby certify that the attestation of the clerk of the common pleas court, John C. Good, whose true and genuine signature and seal of said court appear thereto, is in due form"—signed by the judge, dated, and sealed. *Held*, that such transcript was

properly certified in the manner prescribed by Rev. St. U. S. § 905 (U. S. Comp. St. 1901, p. 677).

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 348.*]

2. EVIDENCE (§ 28*)—JUDICIAL NOTICE—STATE LAWS.

United States courts take judicial notice of the laws of every state, including those providing for the creation, organization, and abolition of courts, the number of judges, etc.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 35, 36; Dec. Dig. § 28.*]

3. EVIDENCE (§ 348*)—DOCUMENTARY EVIDENCE—FOREIGN JUDGMENT—CERTIFIED TRANSCRIPT.

Where, during the pendency of an action in the superior court of Montgomery county, Ohio, that court was abolished and pending proceedings transferred to the court of common pleas of that county by Act Ohio March 19, 1885 (82 Ohio Laws, p. 84), it was no objection to a certified transcript of a judgment rendered in such action, when offered in evidence in an action on the judgment, that certain of the proceedings appeared to have been taken in the superior court and others in the court of common pleas.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 348.*]

In Error to the Circuit Court of the United States for the Northern District of Alabama.

This action was brought by the plaintiff in error against the defendant in error for $2,074.54, with interest at 6 per cent. per annum from April 12, 1887, alleged to be due upon a judgment rendered by the common pleas court of Montgomery county, Ohio, on the 14th day of June, 1887. Three pleas were filed. A demurrer was sustained to the third, and issue was joined on the first and second, upon which issues the case was tried. These pleas were: (1) Nul tiel record; (2) the general issue, with leave to give in evidence any matter that would operate as a good plea in bar if specially pleaded. The plaintiff offered in evidence a transcript, written on 15 pages, together with a certificate headed "Common Pleas Court, Montgomery County, Ohio," and signed, "John C. Good, Clerk Common Pleas Court, Montgomery County, Ohio," and under the seal of the court, which stated that "the foregoing pages, numbered from 1 to 15, both inclusive, contain a full, true, correct, and complete transcript of the record of said common pleas court in the case of Peter Bohlander, plaintiff, v. William F. Heikes, defendant; said case being No. 11,095, on the docket of said court." The certificate then states the various papers by name included in the transcript, among which is named the judgment of the court, and says, "As the same appear upon the records of said court." The certificate closes: "Given under my hand and the seal of said common pleas court of Montgomery County, Ohio, this 31st day of August, 1906." This certificate had attached thereto another, which states: "I, Edward F. Snediker, judge of the common pleas court of Montgomery county, Ohio, do hereby certify that the foregoing attestation of the clerk of the common pleas court, John C. Good, whose true and genuine signature and the seal of said court appear thereto, is in due form." This is signed by Edward F. Snediker, judge of common pleas court, and the seal of the court is also affixed; the certificate being dated September 1, 1906. Plaintiff also offered in evidence an agreement of counsel to the effect that the judgment was unpaid, but reciting that the agreement was not to cut off any other defense except payment.

The transcript offered in evidence showed that the suit in which the judgment was rendered was begun on June 13, 1885, in "the superior court of Montgomery county, Ohio," and that the summons issued from that court: that the answer of defendant was filed in that court. Then followed four orders of continuance, July, 1885, October, 1885, January, 1886, and March, 1886, each of which appears to have been made in the superior court. Then

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

follow three orders of continuance, May, 1886, October, 1886, and January, 1887, each of which was made in the common pleas court. The transcript then shows that "on the 14th day of June, A. D. 1887, there was filed in the office of the clerk of the court aforesaid (meaning the common pleas court of Montgomery county, Ohio) a reply clothed in the words and figures following, to wit: 'Superior Court of Montgomery County, Ohio. Reply. Now comes the plaintiff and for reply to the answer of the defendant herein denies each and every allegation in said answer contained. By consent verification is waived.'" Then follows: "Afterwards, to wit, on the 14th day of June, A. D. 1887, there was filed in the office of the clerk of the court aforesaid an entry clothed in the words and figures following, to wit: 'Superior Court of Montgomery County, Ohio. Entry. This cause coming on for hearing on the petition, the answer of the defendant, and the reply of plaintiff, and was submitted to the court without the intervention of a jury. On consideration whereof the court finds, on the issue joined between the plaintiff and the defendant, for said plaintiff, and that said defendant is indebted to said plaintiff, as in said petition set forth, in said sum of fifteen hundred dollars ($1,500), with interest thereon from November 24, 1877. It is therefore considered by the court that the said plaintiff recover from the said defendant the sum of two thousand and seventy-four and $50/100$ dollars ($2,074.50), with interest thereon at six per cent. from April 12, 1887, and his costs taxed at $——, said case having been ordered on the trial docket. Approved. Dwyer, Judge.'"

No statute of the state of Ohio was exhibited to the court by the plaintiff, nor was it shown to the court, other than as it appears in the above transcript, that either in law or in fact was the "common pleas court and the superior court" one and the same court, or that one was the successor of the other, or that the clerk of the "common pleas court" had authority to certify the records of the superior court. Upon this evidence the court directed a verdict for defendant. The errors relied on are the giving of the general charge or directing the verdict for defendant, to which the plaintiff duly excepted.

S. S. Pleasants, for plaintiff in error.

Lawrence Cooper, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). The only suggestions we get from the briefs and transcript as to the reasons for directing a verdict for the defendant in the court below are that the Ohio laws are not proved, the transcript not sufficiently certified, and that the transcript is not clear as to whether the judgment sued on was the judgment of the superior court of Montgomery county, Ohio, or the court of common pleas of Montgomery county, Ohio; the transcript coming from the last-designated court.

The transcript seems to be certified under section 905, Rev. St. U. S. (U. S. Comp. St. 1901, p. 677), and is undoubtedly sufficient. The confusion in the transcript as to the court in which at various times proceedings were had comes from the fact that pending the suit, originally instituted in the superior court of Montgomery county, Ohio, that court was abolished and all pending proceedings were transferred to the court of common pleas of Montgomery county, Ohio, all of which appears by the fifth and sixth sections of an act of the General Assembly of the state of Ohio, passed March 19, 1885 (82 Ohio Laws, p. 84), entitled "An act to authorize the election of one additional judge in the court of common pleas in the first subdivision of the Second Judicial district of Ohio, and to repeal sections of the Revised Statutes known as 'An act to establish a superior court of Montgomery county.'" The sections of said act are as follows:

"Sec. 5. That sections 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521 and 522 of the Revised Statutes, known as 'An act to establish the superior court of Montgomery county,' passed March 29th, 1856, and an act to amend section 9 of the act entitled 'An act to establish the superior court of Montgomery county,' passed March 27, 1875 (O. L. vol. 72, p. 90), be and the same are hereby repealed; the repeal to take effect on the first day of July, A. D. 1886.

"Sec. 6. That on and after the first day of July, A. D. 1886, all the causes and business then pending in said superior court shall be transferred to, and proceeded with, in the court of common pleas in and for said county of Montgomery in the same manner as if originally commenced therein; and all judgments, decrees and orders of said superior court, notwithstanding said repeal, shall have the same force and effect in law as if the same had been rendered, ordered, adjudged, and decreed in said court of common pleas; and all remedies necessary to carry out all such orders, judgments, and decrees shall be allowed by said court of common pleas, and be enforced therein in the same manner as if they had been originally made and ordered by said court: Provided, nothing herein contained shall be construed as requiring a re-entry of the causes in said superior court in the appearance docket of said common pleas court; but the appearance docket of said superior court, and all the other records thereof kept pursuant to law, shall be used in completing and preserving the records of the causes and matters so transferred."

With this act before us all confusion in the transcript is eliminated. The United States courts take judicial notice of the laws of every state in the Union, including, of course, the laws providing for the creation, organization, and abolition of courts, number of judges, etc. See Fourth National Bank v. Francklyn, 120 U. S. 751, 7 Sup. Ct. 757, 30 L. Ed. 825; Hanley v. Donoghue, 116 U. S. 6, 6 Sup. Ct. 242, 29 L. Ed. 535; Mills v. Green, 159 U. S. 657, 16 Sup. Ct. 132, 40 L. Ed. 293; Gormely v. Bunyan, 138 U. S. 635, 11 Sup. Ct. 453, 34 L. Ed. 1086.

"The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof." Lamar v. Micou, 114 U. S. 225, 5 Sup. Ct. 857, 29 L. Ed. 94.

The judgment of the Circuit Court is reversed, and the cause is remanded, with instructions to award a new trial.