# IN RE PORTO RICO PROGRESS PUBLISHING COMPANY, Bankrupt.

---

San Juan, Bankruptcy, No. 129.

### CONDITIONAL SALE OF PERSONALTY.

Chattel Mortgage.

1. There is no law in Porto Rico permitting chattel mortgages, and where one invests another with the apparent ownership of property he cannot afterwards, as against other creditors, claim the property.

Instruments in the Form of Leases—Conditional Sales—What Law Governs.

2. Where instruments are in the form of leases they will be con-

strued as contracts of conditional sale, if the ownership is to pass at the end of the rental period without more, and the law of the place where the contract was entered into and perfected will govern.

State Laws—Judicial Notice.

3. A Federal court will take judicial notice of a public law of one of the United States, and the Federal court of Porto Rico has all the powers of other Federal courts.

Findings of Referee—Presumption.

4. Where all the evidence taken before the referee is not certified to the court, the presumption is in his favor, and he will be sustained.

Opinion filed November 29, 1915.

_____

*Messrs. F. E. Neagle* and *O. B. Frazer* for trustee.

*Messrs. Scoville & Kelly* for claimant.

HAMILTON, Judge, delivered the following opinion:

This is a petition to review the action of the referee sustaining the claim of the trustee to certain contracts for Mergenthaler linotype machines, formerly in possession of the bankrupt and now in the possession of the trustee, but claimed by the Mergenthaler Linotype Company. The contracts are dated August 31 and November 1, 1911, and purport to lease to the Porto Rico Progress Publishing Company two linotype machines for certain sums, payment being evidenced by notes. The expressed agreement was that the Progress company could purchase the machines for the money so deposited during the lease period of forty-five months.

1. The general policy of the law in probably all civilized

Re Porto Rico Progress Pub. Co.

countries is to regard the possession of personal or movable property as evidence of ownership, except where other arrangements are expressly authorized by law. These latter are generally required to be in writing and recorded. It has been decided in this court, in the case of Valdes v. Central Altagracia, 5 Porto Rico Fed. Rep. 156, that in Porto Rico there cannot be chattel mortgage or security of that nature. In the case at bar the instrument is called a lease, but it seems actually to amount to a conditional sale. A bill of sale is not required to be recorded in Porto Rico, but, on the other hand, a conditional sale of movable property is not authorized at all. If the contract had originated here, or if the Porto Rican law is to be held as applicable, the title, especially after a lapse of so long a period, must be held to be vested in the Progress company. The general principle of law is that where one vests a debtor with apparent ownership of property he thereby enables him to secure credit from others, and cannot afterwards set up that the property in question does not belong to the debtor, but to the seller himself.

"As experience teaches, such instruments are prompted by the desire on the part of the owner of the goods to have the benefit of a sale while escaping its responsibilities, retaining a hold on them so as to be secure on the price, without subjecting them to the claims of creditors by reason of having parted with the possession, although giving credit to the one obtaining them, in their eyes, as the apparent owner thereby. This is not the policy of the law, and there is no occasion for the courts to be astute in helping to get around it. On the contrary, the result cannot but be healthful where attempted evasions of it are brought to naught." Re Morris, 156 Fed. 597.

Re Porto Rico Progress Pub. Co.

It is argued that this is merely a presumption as to fraud and that it can be rebutted, as was stated by the Supreme Court as follows:

"This presumption of property in a bankrupt, arising from his possession and reputed ownership, became so deeply embedded in the English law, that, in process of time, many persons in the profession, not adverting to its origin in the statute of bankruptcy, were led to regard it as a doctrine of the common law; and hence, in some states in this country, where no such statute exists, the principles of the statute have been followed, and conditional sales of the kind now under consideration have been condemned, either as being fraudulent and void as against creditors, or as amounting, in effect, to absolute sales with a reserved lien or mortgage to secure the payment of the purchase money. This view is based on the notion that such sales are not allowed by law, and that the intent of the parties, however honestly formed, cannot legally be carried out. The insufficiency of this argument is demonstrated by the fact that conditional sales are admissible in several acknowledged cases, and, therefore, there cannot be any rule of law against them as such. They may sometimes be used as a cover for fraud, and, when this is charged, all the circumstances of the case, this included, will be open for the consideration of a jury. Where no fraud is intended, but the honest purpose of the parties is that the vendee shall not have the ownership of the goods until he has paid for them, there is no general principle of law to prevent their purpose from having effect.

"In this country, in states where no such statute as the English act referred to is in force, many decisions have been

rendered sustaining conditional sales accompanied by delivery of possession, both as between the parties themselves, and as to third persons." Harkness v. Russell, 118 U. S. 670, 30 L. ed. 287, 7 Sup. Ct. Rep. 51.

It is not clear that such fraud can be rebutted under the law of Porto Rico. At all events, there is no rebutting evidence upon the subject in this case. The possession passed to the bankrupt and has remained with it for four years. It must be presumed, in the absence of evidence to the contrary, that this gave it a standing and credit which it would not otherwise have possessed.

2. The contract, however, is not governed by the Porto Rican law. It was signed by the last party in New York, the act which made it effective being therefore in New York, and it expressly provides that delivery should be held to be perfected in New York. The general principle is that, although instruments are designated and in the form of leases, they, nevertheless, must be construed as contracts of a conditional sale if the ownership is to pass at the end of the rental period without more. 35 Cyc. 656. According to the general rule, the validity of a title is determined by the law of the place where the sale is made. Weinstein v. Freyer, 93 Ala. 257, 12 L.R.A. 700, 9 So. 285. The legal effect is to be determined by the law of the place where the sale is made, and that is where the transaction is fully consummated by delivery and acceptance. 35 Cyc. 93 et seq.

Under the New York law the retention of title by the vendor is not good as against creditors of the vendee. The title will vest for the purposes of this case in the vendee, here the bank-

rupt. New York Consolidated Laws 1909, chap. 41, Personal Property Law, § 62, etc.

3. It is true that this law was not proved by testimony; but it is unnecessary in a Federal court to prove a public law of one of the United States. The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof. Lamar v. Micou, 114 U. S. 223, 29 L. ed. 96, 5 Sup. Ct. Rep. 857. Federal courts take judicial knowledge of the laws of every state in the Union. Bohlander v. Heikes, 94 C. C. A. 298, 168 Fed. 886.

The fact that this Federal court is held in a territory or possession of the United States does not change the rule. It is by the organic act creating it expressly given all the powers of other Federal courts. It will take judicial knowledge of the laws of New York in any proper case.

4. The finding of the referee must, moreover, be sustained for another reason. All the evidence before him is not certified to the court, and the rules are uniform both in this court and in other Federal courts that in such case the referee will be sustained. Presumption is in favor of correctness of the referee. He cannot, any more than any other inferior court, be put in error when all the evidence upon which he acted is not placed before the appellate tribunal. Re Murphy, 225 Fed. 392; Re Solá E. Hijo, 6 Porto Rico Fed. Rep. 364.

It follows, therefore, that the review asked must be denied. It is so ordered.