No. 790.

DIETHER ET AL. *v.* THE FERGUSON LUMBER COMPANY.

BILL OF EXCEPTIONS.—*General.*—*Special.*—*Record.*—*Deposition, Motion to Strike Out.*—*Quœre,* where the record does not show that any time was asked, or leave granted, in which to file a bill of exceptions to the ruling of the court on a motion to strike out part of a deposition, can such motion and ruling be carried into the record by a general bill of exceptions filed pursuant to leave granted at a subsequent term of court?

EVIDENCE.—*Motion to Strike Out, When Too General.*—A motion to strike out evidence "for the reason that it is incompetent," is too general to raise any question.

SAME.—*Price-List.*—*When Admissible.*—*Action for Value of Goods.*—In an action to recover the value of a car load of lumber, in which it was contended that the plaintiff sold the lumber to defendants according to the terms set forth in plaintiff's price-list of the material, and there was evidence tending to show that defendants had received such price-list before they ordered the lumber, the price-list is admissible in evidence as tending to show the terms of the contract, there being nothing in the order in regard to the price of the lumber.

Diether *et al. v.* The Ferguson Lumber Company.

SAME.—*Letter.*—*Answer to.*—Where a letter has been introduced and read in evidence, a letter in answer thereto is also admissible.

CONTRACT.—*Price.*—*No Agreement as to.*—*Fair Market Value at Place of Delivery.*—Where the uncontroverted facts show that A., of Fort Wayne, Ind., ordered a car load of lumber of B., a wholesale dealer at Little Rock, Ark., the lumber being, at the time, in B.'s lumber yard at Little Rock, to be loaded on a car, delivered to the carrier, and from there dispatched to A., at Bluffton, Ind., the price of the lumber was the fair market value on board the car at Little Rock, where no price was agreed upon.

Opinion on petition for rehearing by DAVIS, C. J.

From the De Kalb Circuit Court.

*T. E. Ellison,* for appellants.

*T. R. Marshall, W. F. McNagney* and *D. A. Garwood,* for appellee.

DAVIS, C. J.—This action was brought by appellee against appellants, in the Superior Court of Allen county, to recover the value of a car of lumber, which, as alleged, was sold and delivered by appellee to appellants, on September 27, 1890. The venue was changed to the De Kalb Circuit Court, where, as the result of a trial by jury, verdict was returned and judgment was rendered against appellants for $426.97.

The only error assigned in this court is, that the court erred in overruling appellants' motion for a new trial.

The first question argued is, that the trial court erred in overruling the motion of appellants to strike out part of the answer to question two in the deposition of one Fump, a witness in behalf of appellee.

The record discloses that the cause was tried in January, 1892, and that at an ensuing term in June the motion for a new trial was overruled, and appellants were granted ninety days in which to file a bill of exceptions. On the 30th day of August, 1892, a general bill of exceptions was filed, which contains the motion to strike out, that was filed and overruled in the preceding January. It does not appear any where in the rec-

ord, that any time was asked or granted in which to file bill of exceptions during the term at which the motion was overruled.  As this ruling preceded the trial, and no time having been granted in which to file a bill of exceptions, the motion could not be carried into the record by a general bill of exceptions filed pursuant to leave granted at a subsequent term of the court.  [See opinion on petition modified.]

In any event, the objections made to the answer, as shown in the record, are not well taken, and, therefore, there was no error in this ruling.

What we have said also disposes of the question raised as to the ruling to strike out parts of the deposition of W. B. Ferguson.

On the trial, counsel for appellants moved to strike out a part of the answer of the witness Fump to the question hereinbefore referred to, "for the reason that it is incompetent."  This objection was too general to raise any question.  The trial court was not required to find some theory for excluding the evidence.

The objections urged to the invoice offered in evidence by appellee are not well taken, for the reason that the record fails to disclose that the invoice was read in evidence.

Counsel for appellants complains of the admission of the price-list of their stock issued by appellee, who were engaged in business at Little Rock, Arkansas, in August, 1890, a copy of which it was claimed had been sent to appellants at their place of business in Fort Wayne, prior to the sale in September of said year.  The controversy in this case was the price or value of the lumber, the place where such price or value should be determined, and the quality of the lumber.  So far as the question of quality is concerned, the record indicates that the jury made a deduction in the full amount of damages which appellants claim to have sustained.

The appellee contended that it sold the lumber sued for according to the terms set forth in the price-list of such material, and that the prices therein were the market prices of such material at the place where the sale was made. As there was testimony tending to show that appellants received this price-list before they ordered the lumber, it was competent to introduce the same in evidence, as tending to show the terms of the contract. Nothing was said in the order in regard to the price of the lumber, and, therefore, it was proper to show whether the lumber was scarce or plentiful, as tending to affect its market value.

On the trial, appellee called one of appellants to the stand, as a witness in its behalf. On cross-examination, appellants showed by him that they received many price-lists from various people, and then asked him whether such price-lists were accurate statements of the value of lumber. There was no error in sustaining an objection to the last question.

In the first place, it was not responsive to the examination in chief, and, in the next place, it did not refer to price-lists sent out by appellee. For the same reason, as well as others, there was no error in sustaining the objection to the proposed cross-examination of this witness in regard to an alleged conversation which he had with one W. B. Ferguson, the secretary and agent of appellee.

Under the facts and circumstances which are shown by the record in this case, there was no error in permiting appellee to read in evidence the letter of October 6, 1890.

Appellants introduced and read in evidence a letter written by them to appellee on the 3d of October, 1890, and in view of this fact appellants could not complain of the introduction in evidence of the answer thereto.

It is next insisted (and this is the principal question in the case) that the court erred in instructing the jury on the question of the measure of damages, and appellants call attention to extracts from two instructions, as follows:

"You should first determine from the evidence, whether the plaintiff delivered a car load of lumber to defendants on board a car at Little Rock, Arkansas; if so, then determine what the fair market value of said lumber was at that time and place."     *     *     *

"The said contract was an Arkansas contract, and the price the defendants were required to pay thereunder was the fair market value of lumber so sold at Little Rock, Arkansas, on board said car."

The telegraphic correspondence between the parties is in the record, and this correspondence makes a complete contract of sale for the lumber, except that it is silent as to the price to be paid and the place of delivery.

The evidence shows, without controversy, that the appellee was a wholesale dealer in lumber, whose office and place of business was located at Little Rock, Ark., and that appellants were located in business at Fort Wayne, Ind.; that this lumber, at the time of the sale, was in the appellee's yards at Little Rock. It was there loaded upon a car, delivered to the carrier, and from thence dispatched to appellants at Bluffton, Ind., as they requested. Moreover, within four days after this car of lumber was shipped them, and fourteen days before it was received at Bluffton, the appellants received a letter from appellee, inclosing invoice, in which the price was stated, and in which they were informed that if they did not want the lumber of the kind and quality therein described, and at the price fixed, appellee would receive it back and cause it to be sent to another customer. This

Diether *et al. v.* The Ferguson Lumber Company.

is the fair import and intent of the letter and invoice, when construed together in the light of the previous correspondence.

With full knowledge of all these facts, appellants received and used the lumber. We are not able to agree with the able argument of the learned counsel, that the contract was made at Fort Wayne, and that the Bluffton prices should govern, and not the prices at Little Rock. The authorities cited and relied upon are not, in the view we take of the case, in point. Under the uncontroverted evidence, it occurs to us, after a careful reading of the entire record, that appellants were required to pay the fair market value of the lumber on board the car at Little Rock. As applicable to the evidence, the instructions of the court, when considered together as an entirety, correctly state the law.

As appellants were apparently allowed, by the jury, all the damages they claimed on account of defect in quality, we are not able to see wherein there has been any error on the trial prejudicial to appellants.

It appears to the court that the merits of the cause have been fairly tried and determined in the court below. Section 658, R. S. 1881.

Judgment affirmed, at costs of appellants.

Filed Nov. 28, 1893.

## ON PETITION FOR A REHEARING.

DAVIS, C. J.—The learned counsel for appellants has filed an earnest petition for a rehearing, which has caused us to carefully again read the record and the briefs of counsel. This has strengthened our conviction that the result reached by us in the original opinion is correct. We do not deem it necessary to review, in this opinion, all the questions so urgently pressed upon our consideration, but are impressed with the belief that, so

far at least as this case is concerned, one expression in the original opinion should be modified. For instance, it is insisted, by counsel for appellants, that under section 637, R. S. 1894, the motion to strike out a part of depositions, which was filed in December, 1891, and overruled in January, 1892, became a part of the record by the bill of exceptions filed in August, 1892, in pursuance of leave granted at the May term of said court, when the motion for a new trial was overruled.

There is nothing in the record showing that the motion to strike out was overruled in January, or that an exception was reserved to such ruling, except the recital contained in the bill of exceptions above mentioned. Whether counsel is correct in his contention, it is not necessary to determine, for the reason that the original opinion on this point was based on the proposition that if the question was properly presented, there was no error in this ruling. We have, however, as before indicated, read again, with care, in the light of the argument of counsel, the deposition of the witnesses J. H. Frump and W. B. Ferguson, and we are confirmed in our opinion that, in any view of the case, there was no error in overruling the motion to strike out the questions and answers referred to.

The statement, therefore, that "the motion could not be carried into the record by a general bill of exceptions filed pursuant to leave granted at a subsequent term of the court," may be considered as *obiter dictum*, so as to leave the question open for consideration and decision when a case is presented which requires its determination.

With these observations, the petition for rehearing is overruled.

Filed March 7, 1894.