FRANK M. WEILER, APPELLANT, v. SOLOMON PANCOAST, RESPONDENT.

Submitted July 12, 1904—Decided November 7, 1904.

If a landlord, who has rented part of his building to a tenant as a dwelling, permits another part to be used for lewd purposes, which render the tenant's apartments unfit for occupancy by a respectable family, and fails after due notice to put an end to such improper use when he has legal power to do so, and for that reason the tenant moves away, the conduct of the landlord becomes evidence of an eviction in answer to his claim for rent accruing after such removal.

On appeal from District Court.

Before Justices DIXON and HENDRICKSON.

For the plaintiff, *Andrew A. Chambers.*

For the defendant, *J. Edward Smith* and *William R. Cobb.*

In consequence of illness Justice Hendrickson has been prevented from taking part in the decision, and the case is therefore decided on the opinion of

DIXON, J. This is an appeal from the judgment of the First District Court in Newark. Pursuant to the statute (*Pamph. L.* 1902, *p.* 565) it comes here on a state of the case settled and signed by the judge of the District Court, and can be examined in this court only for errors "in point of law or upon the admission or rejection of evidence."

This state of the case shows that the action was on a lease for the rent of dwelling apartments in the building 321 Bank street, accruing and becoming due after the defendant moved out, and that the defence was that the landlord, the plaintiff, had evicted his tenant, the defendant, by allowing a woman to occupy apartments in the same building and to maintain therein a house of ill-fame.

Although the case is not so explicit as it ought to be in its statement of the facts found by the judge below, yet it is reasonably to be gathered therefrom that he determined that the woman occupied her apartments by permission of the plaintiff; that she used them for purposes of prostitution or assignation; that the plaintiff was informed of her practices but refused to interfere with her, and that the defendant moved out in consequence thereof and was thus evicted by his landlord.

Under our statute of March 27th, 1889 (*Gen. Stat., p.* 1923), the woman's lease of her premises became immediately void by reason of her use of them and the landlord was at once entitled to recover possession as in case of the expiration of her term.

According to decided cases, if a landlord lets apartments in his building to a tenant as a dwelling and then knowingly permits another part to be used for lewd purposes which render the tenant's apartments unfit for occupancy by a respectable family when he has legal power to prevent such use, and for that reason the tenant moves away, the conduct of the landlord becomes evidence of an eviction in answer to his claim for rent accruing after such removal. *Dyett* v. *Pendleton,* 8 *Cow.* 727; *Gilhooley* v. *Washington,* 4 *Coms.* 217; *Rowbotham* v. *Pearce,* 5 *Houst. (Del.)* 135; *Lay* v. *Bennett,* 4 *Col. App.* 252.

I approve of this rule and think that on the facts found the judgment of the District Court can lawfully rest.

Beside the state of the case, the trial judge, in response to an order from this court, certified that certain testimony had been admitted against the plaintiff's objection. This testimony was competent for the purpose of showing the relation of the part occupied by the woman to the defendant's apartments, the character of the woman's occupation and the knowledge and acquiescence of the plaintiff.

No error appears requiring the reversal of the judgment, and therefore it is affirmed.