# Albany Warehouse Co. *v.* F. B. Fisk Cotton Co.

## *Assumpsit.*

(Decided November 26, 1914. Rehearing denied December 17, 1914. 67 South. 728.)

1. *Sale; Transfer of Title; Law Governing.*—Under section 4126, civil code of Georgia, 1910, a citizen of this state who personally or through an agent purchased cotton in Georgia from one who under the above section had not acquired title to the cotton, and thereafter converted it by selling it to a bona fide purchaser, was liable to the seller for the reasonable value thereof, notwithstanding under the common law rule obtaining in Alabama a sale of goods for cash vests title in the buyer, if the goods are unconditionally delivered to him without fraud on his part, as the public policy of the state in this respect has reference to such property only as is within its jurisdiction and control and not to property within the jurisdiction and control of another state.

2. *Acts; Form; Waiving Tort.*—An action ex contractu for money had and received will lie for the value of property, belonging to a plaintiff and converted into money by a defendant, prior to the suit.

3. *Appeal and Error; Voluntary Non-suit; Necessity.*—The proceedings examined and held to show a compliance with the requirements of section 3017, Code 1907, and hence to present a case for an appeal and sufficient to support such an appeal, as from a voluntary non-suit.

4. *Judgment; Amendment; Motion.*—Where the motion to amend a judgment nunc pro tunc set out in full the form in which it was

desired that the original entry should read when amended, and the court rendered judgment "that said motion be granted, and that said judgment as amended be and is made the judgment of the court," the judgment entry as set out in the motion became the judgment of the court.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by the Albany Warehouse Company against the F. B. Fisk Cotton Company. Judgment for defendant on demurrer, and plaintiff appeals. Reversed and remanded.

Count 2 of the complaint is as follows: Plaintiff claims of the defendant for that heretofore, in the month of September, 1911, while the plaintiff was a commission merchant doing business in Albany in the state of Georgia, he sold to S. H. Tift at Albany, Ga., 11 bales of cotton, for which said Tift was to pay in cash on the delivery of said cotton the sum of, to wit, $532.11. That although said cotton was delivered to said Tift, and payment therefor was to be made on delivery of said cotton, and such payment demanded, said Tift failed and still fails and refuses to pay therefor. That said cotton was delivered by plaintiff for said Tift, and on his instructions, to the Atlantic Compress Company, at Albany, Ga., and said Tift sold and delivered the same to the defendant, in the state of Georgia, and although demand has been made upon said defendant for payment of the amount of the value of said cotton at the time it was sold, together with the interest thereon, it has failed and refused to pay the same. That at the time of said sale, and at present, there is in force in the state of Georgia a statute which reads as follows, to wit: "Cotton, corn, rice, crude turpentine, spirits of turpentine, rosin, pitch, tar, and other products sold by planters or commission merchants, on cash sale, shall not be considered the property of the buyer until fully paid for, al-

though it may have been delivered to the buyer; provided, that in cases where the whole or any part of the property has been delivered to the buyer, the right of the seller to collect the purchase money shall not be affected by its subsequent loss or destruction."—Civ. Code 1910, § 4126. The Supreme Court of Georgia has decided, and said decision is in full force and effect still, that under said statute cotton sold by a planter or commission merchant on cash sale does not become the property of the buyer until the same shall have been fully paid for, although it may have been delivered into the possession of the buyer. This being so, the seller may, until payment has been made, assert his ownership against the buyer, or the innocent purchaser obtaining the cotton from the latter for value. That before the commencement of this suit the defendant had disposed of the cotton.

BALL & SAMFORD, for appellant. The Georgia Law is well pleaded, and the construction of a statute of a foreign state by the courts of that state is binding upon our court.—*Bloodgood v. Gracey*, 31 Ala. 589; *Henderson v. Adams*, 35 Ala. 726; *Thorington v. Gould*, 59 Ala. 471; *Bush v. Garner*, 72 Ala. 162; *Beckley v. U. S. S. & L. Asso.*, 147 Ala. 196. The count states a good cause of action under the laws of Georgia.—*Savannah C. R. A. v. McEntire*, 92 Ga. 166. The transaction was entirely within the State of Georgia and is governed by the laws of Georgia, and the liability, therefore, will be enforced in Alabama.—9 Cyc. 664 et sec.

HORACE STRINGFELLOW and STEINER, CRUM & WEIL, for appellee. The judgment nunc pro tunc is not a judgment of the court.—*Storey v. McClellan*, 145 Ala. 629. The judgment is not sufficient to support the pres-

ent attempted appeal.—*McDonald v. Railway Co.*, 123 Ala. 227; *Long v. Holley*, 152 Ala. 514. The court properly sustained demurrers to the complaint, as one of the counts was certainly bad.—*R. R. Co. v. Lackey*, 114 Ala. 152. No state will enforce contracts or redress grievances entered into or suffered in another state, if such enforcement involved a breach of legal or moral right as maintained in the law of the forum.—*Falls v. L. & B. Co.*, 97 Ala. 422; s. c. 120 Ala. 165; *W. U. Tel. Co. v. Hill*, 163 Ala. 18. Our courts have repeatedly held that an innocent purchaser for value would be protected under the circumstances stated in the complaint.—*Leeman, Durr & Co. v. Warren*, 53 Ala. 535; *Blackshear v. Burke*, 74 Ala. 239; *Pelham v. Chattahoochee Groc. Co.*, 146 Ala. 216. As conclusive of the matter here involved, see the following authorities from other jurisdictions.— *Deering v. McKinnon Co.*, 80 Am. St. Rep. 714; *Kanaga v. Taylor*, 7 Am. Dec. 62; *Gist v. Western Union Tel. Co.*, 55 Am. St. Rep. 776; *Mandel Bros. v. Fogg*, 66 N. E. 78; 17 L. R. A. (N. S.) 426; *Armstrong v. Best*, 25 L. R. A. 188; *Packing Co. v. So. Pac. Co.*, 27 L. R. A. (N. S.) 976; *The Kinsington*, 183 U. S. 263; 46 L. Ed. 190; *Security Trust Co. v. Dart*, 173 U. S. 630; 43 L. Ed. 85; *Dooley v. Pease*, 180 U. S. 127; 45 L. Ed. 458; Enc. Supreme Court Rep. vol. 3, p. 1032; *Barnett v. Kinney*, 147 U. S. 477; 37 L. Ed. 247; *Marshal Sherman*, 34 L. R. A. 757; *Lake Shore & Mid. So. Ry. Co. v. Teeters* (Ind.) 5 L. R. A. (N. S.) 425; *Corbin v. Houlehan*, 70 L. R. A. 568; *Palmer v. Palmer*, 99 Am. St. Rep. 820; *Hanson v. Great Northern Ry. Co.*, 121 N. W. 81; *Silk Co. v. Adams Express Co.*, 99 N. E. 894.

THOMAS, J.—The appeal is on the record proper and seeks to review the action of the trial court in sustaining a demurrer to the complaint, as a result where-

of it became necessary for the appellant (plaintiff below) to take a nonsuit, which it did under the provisions of section 3017 of the Code.

Count 2 of the complaint will appear in the report of the case; and, while there are numerous grounds of alleged insufficiency stated in the demurrer filed to it, only one of such grounds need claim our attention and consideration, since appellee seems to concede the lack of merit in all the others. This one goes to the very gist of the complaint, and raises the question as to whether or not comity between states requires or permits the enforcement in this state of the statute of the state of Georgia that is pleaded in the count and upon which plaintiff's right of action is therein predicated, it being insisted by the demurrant that it does not so require or permit, because, as urged, such statute is in conflict with the rule of decision and the public policy obtaining in this state as to such matters, and its enforcement here would operate to the injury of the defendant as a citizen of this state, in that it would impose upon him a liability which would not have existed had the alleged sale occurred in this state rather than, as is alleged in the complaint, in the state of Georgia.

In the Code of 1867, as section 1164 thereof, we had in this state a statute similar to the mentioned statute of the state of Georgia that is set out in the complaint. This statute of ours was carried also into our Code of 1876 as section 1415, and received a construction by our Supreme Court in the case of *Lehman, Durr & Co. v. Warren & Burk,* 53 Ala. 535. It does not appear, however, in any subsequent Code, and by its repeal—it being in abrogation of common law—the common-law rule was restored, and has ever since obtained in this jurisdiction, which is to the effect that a sale of

goods, even for cash, if the possession is delivered unconditionally to the buyer, without any fraud on his part, vests the title at once in him, although the purchase money is not paid.—*Blackshear v. Burke,* 74 Ala. 239; *Pelham v. Grocery Co.,* 146 Ala. 216, 41 South. 12, 8 L. R. A. (N. S.) 448, 119 Am. St. Rep. 19.

The Georgia statute, as will be seen from it as copied into the complaint, provides that "cotton [and other produce therein named] * * * sold by planters and commission merchants, on cash sale, shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer," etc., and the Supreme Court of Georgia, in construing and applying this statute, have held that since, under the conditions named in the statute, the buyer could acquire no title to the property, he could not confer any upon a purchaser from him, although the purchaser bought in good faith, for value, and without any knowledge that the purchase price had not been paid by the buyer to the seller, and that consequently the seller could assert his title and ownership to the property against either the buyer or the innocent purchaser found in possession.—*Savannah C. P. A. v. MacIntyre,* 92 Ga. 166, S. E. 1023.

The action here, as will be seen from a reading of the complaint, is against the defendant as such a purchaser —not, however, in detinue for the recovery of the property, which, the complaint avers, had been disposed of by defendant before the bringing of the suit, nor in trover for its conversion, but waiving the tort, ex contractu, on a special count for money had and received, for the value of the cotton belonging to plaintiff that had been so disposed of by defendant, which form of action for the wrong complained of is entirely permissible, under our system of pleading, when the property

[Albany Warehouse Co. v. F. B. Fisk Cotton Co.]

has been sold and converted into money before the bringing of the suit.—*Miller v. King*, 67 Ala. 575; *Pike v. Bright*, 29 Ala. 332; *Bettis v. McNider*, 137 Ala. 588, 34 South. 813, 97 Am. St. Rep. 59; *Potts v. First Nat. Bank*, 102 Ala. 286, 14 South. 663; *Steiner v. Clisby*, 103 Ala. 181, 15 South. 612; *Stafford v. Sibley*, 106 Ala. 189, 17 South. 324.

The complaint (said count 2) brings plaintiff's case clearly within the purview of the Georgia statute, as so construed by the Supreme Court of that state, in that it alleges that the plaintiff was, at the time of the sale, a commission merchant in that state; that the cotton, the subject-matter of the sale, was at the time of the sale in that state and was sold by plaintiff to one Tift in that state, to be paid for on delivery; that it was delivered to him in that state in pursuance of the contract of sale, but that, without paying for it, said Tift sold and delivered it in that state to the defendant, who had disposed of it before the bringing of the suit. It is plain, therefore, from the averments of the complaint, that, under the laws of the state of Georgia (in which state the property was situated, where its owner was domiciled, and where the defendant went and purchased and received it), the defendant acquired no title to the property; and it seems to us it would be a strange comity that we would show our sister state were we to say that, because the defendant is a citizen of Alabama, where different laws prevail as to the purchase and acquisition of title to personal property that is within its jurisdiction, these laws should follow defendant and measure his rights when he goes into the state of Georgia and purchases personal property there that is within and is subject to the jurisdiction and control of that state. If the property had been brought or shipped into this state by the original buyer, Tift, and purchased here by de-

fendant in good faith for value, there would be more
show of reason for contending that defendant's rights
should be governed by the laws of Alabama; but when
he goes into the state of Georgia and buys and receives
there personal property that is subject to its jurisdic-
tion, then the fact that he is a citizen of Alabama, or
that he subsequently removes the property to this ju-
risdiction, will not, under the rules of either comity or
policy, confer title when title was not acquired under
the laws of the state where the purchase was made.

The specific public policy of this state, as expressed
in its laws, before pointed out, regulating the sale, trans-
fer, and acquisition of title to personal property, has
reference to such property as is within its jurisdiction
and control, and not to property that is within the juris-
diction and control of another state.   With reference
to the latter, the public policy of this state is to enforce
the general rule of comity existing between states by
giving operation and effect to the laws of the state that
had such jurisdiction and control at the time of the sale;
and if this course results in what appellee incorrectly
terms "an injury to a resident of this state," it is a *legal*
or *lawful* injury—if such a self-contradictory expres-
sion may be used—of which he cannot complain; and
which, it may be added, he voluntarily brought upon
himself by going into and submitting himself, in the
making of the purchase, to the laws of the foreign state,
the existence of which he is conclusively presumed to
have known at the time of the purchase, since at such
time he was within said state.   The rules of comity with
respect to the sale of personal property are thus suc-
cinctly stated in 9 Cyc. 682, par. 3:   "Where the sub-
ject of and the parties to a sale of personal property
are within the jurisdiction of another state, the contract
of sale is made and executed according to the laws of

that state, the sale and the rights growing out of it must
be tested by the laws of the place where the contract of
sale is made, and no subsequent removal of the property
even for lawful purposes divests jurisdiction.   Where
an order is given and accepted in a certain place and the
goods there delivered to the carrier for shipment, the
contract is governed by the law of the place of shipment,
and it makes no difference that they are not to be paid
for until they arrive in the state to which they are ship-
ped, unless the title is not to pass until they are received
and paid for.   Where goods are ordered from one state
to be sent from another state to the purchaser 'C. O. D.,'
there is a difference of opinion as to where the sale is
made.   Some courts hold that it is made in the state of
the seller when the goods are delivered to the carrier
(citing, among other cases, *Philgreen v. State*, 71 Ala.
368) ; and others that there is no sale until the goods
arrive at their destination and the price is collected by
the carrier and the property actually delivered to the
purchaser."—9 Cyc. 682, 683.

Of course, we are not here concerned with these lat-
ter questions, since the complaint in this case shows
affirmativly, as before pointed out, that both the sub-
ject of the sale and the parties to it were in the state of
Georgia at the time of the sale—whether the defendant
was there in person or by agent being immaterial—and
consequently the laws of Georgia must prevail as to the
propositions here involved.—*Weinstein v. Freyer*, 93
Ala. 257, 9 South. 285, 12 L. R. A. 700 ; *Ensley Lumber
Co. v. Lewis*, 121 Ala. 99, 25 South. 729 ; *Hanover Nat-
Bank v. Johnson*, 90 Ala. 549, 8 South. 42 ; *Marsh's
Adm'r v. Elsworth*, 37 Ala. 85 ; *Donald & Co. v. Hewitt*,
33 Ala. 534, 73 Am. Dec. 431 ; *Newcombe v. Leavitt*, 22
Ala. 631 ; *Turner v. Fenner*, 19 Ala. 355 ; *McMahan v.
Green*, 12 Ala. 71, 46 Am. Dec. 242 ; *Cubbedge, etc. v.*

*Napier,* 62 Ala. 518, *Diether v. Ferguson Lumber Co.,* 9 Ind. App. 173, 35 N. E. 843, 36 N. E. 765; *Born v. Shaw,* 29 Pa. 288, 72 Am. Dec. 633; *Lewis v. McCabe,* 49 Conn. 141, 44 Am. Rep. 217; *Weil v. Golden,* 141 *Mass.* 364, 6 N. E. 229; *Marvin Safe Co. v. Norton,* 48 N. J.. Law, 410, 7 Atl. 418, 57 Am. Rep. 566.

In the first of the cases above cited (*Weinstein v. Freyer*), which is directly in point and controlling here, our Supreme Court, in an opinion written by Clopton, J., held that the vendor of personal property which has been sold by him to a buyer in Georgia, under a contract retaining title in the vendor until the payment of the purchase money, may recover the property in this state (Alabama), to which it had been subsequently removed from Georgia by the buyer and sold after removal to a purchaser here for value, who had no knowledge of the retention of title by such original vendor. This decision was before the passage of our statute (Code, §§ 3393, 3394), requiring the recording of conditional sales contracts (which, if it had then been in exictence, would probably have protected any person who purchased the property after its removal here, unless the contract was before such purchase recorded here). But this fact in no wise alters the decisive character of the opinion as to the point here involved, where the facts are that the subsequent purchaser purchased, not in this state, but in the state of Georgia, under whose laws he acquired no title by such purchase; for, as bearing on this proposition, we quote from such opinion as follows: "The general rule is that when the state where a contract [of sale] is made is also the place of performance and the situs of the property, the laws of that state become a part of the contract, and the sufficiency of its execution, its validity, interpretation, and legal effect— the rights of the parties to the contract—will be gov-

erned by the laws of that state, wherever its enforcement may be sought.　*　*　*　The statute of Georgia affirms the validity of the reservation of title as between the parties [the original vendor and the original ·purchaser], whether or not the contract is recorded.　By the law of that state, the title was in the original vendors when Franklin [the original purchaser] brought the property into this stae, of which they could not be divested except by their voluntary act, or due process of law."

So, in the present case, under the laws of Georgia, as pointed out, the title to the cotton was still in the plaintiff at the time that the original buyer, Tift, sold it to the defendant; nor was it divested by such latter sale for the reason that such sale, like the first, took place in and was governed by the laws of the state of Georgia; hence the defendant could not acquire any title by subsequently removing the property to this or to another state; and, though after removal here he could, by a sale of it here, confer upon a bona fide purchaser a good title, yet the defendant would be liable in trover to the original vendor for a conversion in so doing, and such vendor might, as here, waive the tort and sue in assumpsit for money had and received.

The complaint alleges that before the bringing of the suit the property had been disposed of by defendant. Whether or not this averment is sufficient to show that the property had been converted into money is a question not raised by the demurrer, and that need not be considered.

We find nothing in any of the many cases cited by appellee in his brief which conflicts with the view we entertain that the rights of the parties are to be determined by the laws of Georgia. Nor do we think there is any merit in the contention of appellee, to the effect

that, under the ruling of our Supreme Court in the case of *Long v. Holley,* 157 Ala. 514, 47 South. 655, the judgment entry here fails to clearly show that the sufferance of the nonsuit by appellant, from which the appeal is taken, was necessitated, as is required by section 3017 of the Code, by the adverse ruling of the court on the said demurrer. The judgment entry, immediately after reciting that it was the judgment of the court that said demurrers be sustained, further recites, which is a complete answer to appellee's contention, that: "Thereupon the plaintiff stated to the court that by said ruling of the court, sustaining the demurrers to the complaint as amended and to the second count of the complaint, it has become necessary for the plaintiff to suffer a nonsuit for the purpose of appealing from said ruling to the Court of Appeals; and thereupon it is considered by the court and it is the judgment of the court that the plaintiff and this cause be and the same is nonsuited, and judgment is hereby rendered against plaintiff for all costs in this behalf expended, for which," etc. —*Bush v. Russell,* 180 Ala. 593, 61 South. 373; *Ex parte Martin,* 180 Ala. 620, 61 South. 905.

The judgment is likewise sufficient as a judgment of nonsuit to support an appeal.—*Wood v. Coman,* 56 Ala. 283.

It appears from the record that the original judgment was, after its entry, amended nunc pro tunc on motion of appellant; and contention is here made by appellee that the amended entry, from which we have just quoted, never became the judgment of the court on account of an alleged want of formal words so adjudging. We are equally clear that this contention is without merit. The said motion to amend nunc pro tunc set out in full the entry in the form in which it was desired, and prayed that the original entry should so read, when amended,

and the court rendered judgment granting this motion, in words as follows: "And said motion is understood by the court, and it is considered by the court, and *it is the judgment of the court that said motion be granted, and that said judgment as amended be and*  \*  \*  \* *is made the judgment of this court in said cause,* and to be entered of record as such judgment as of date," etc.

We have discussed all questions urged. For the error of the court in sustaining the demurrer to count 2 of the complaint, the judgment is reversed.

Reversed and remanded.

### ON REHEARING.

The case of *Comer v. Cunningham,* 77 N. Y. 391, 33 Am. Rep. 626, cited on rehearing, wherein the Georgia statute mentioned in our opinion was under consideration by the New York court, has no application here by reason of the difference between the state of facts there and those here; consequently we do not regard our opinion as in any wise in conflict with that. If here, as was the case there, the original purchaser had shipped the cotton out of the state of Georgia into the foreign state, indorsing or making the bill of lading therefor payable to a purchaser in the foreign state and to be delivered to him in the foreign state upon his there paying the draft drawn on him for the purchase price, or a part of it, that is attached to the bill of lading, then clearly the later purchaser, if bona fide, would be protected as such by whatever may be the laws of his state, because the purchase took place in his state and would be governed by its laws, and there would be no occasion for the application of the rule of comity which we have here enforced.—9 Cyc. 682, par. 3. It was not applied or

considered in the New York case cited, and we think, for reasons stated, it was properly not; but in that case the rights of the purchaser were determined, as they should have been, under the laws of the state of New York.  Here, however, the defendant, as shown by the allegations of the complaint, goes into the state of Georgia and makes the purchase.  Under the laws of Georgia, when he so purchased, he acquired no title, and for us to hold that plaintiff cannot recover is to hold that the defendant acquired a title by removing the property or himself into Alabama.  When in Georgia, he was charged with a knowledge of its laws regulating the transfer and acquisition of title to the property he sought there to purchase, and it was his duty, therefore, to then inquire and ascertain whether the person (Tift) who offered to sell him the cotton had paid the purchase price and acquired title.  He having failed so to do, comity, we think, clearly forbids that he should withdraw himself and the property across the state line into this jurisdiction and then say to the original owner of the cotton: "Although it was your property in Georgia, and although the person from whom I went over there and bought it had no title and could not, under the laws of your state, where I bought it, confer any on me, and although I knew of those laws and was therefore under duty to inquire and ascertain, before I purchased, as to whether the person from whom I bought had acquired title by paying to you the purchase price, and although, therefore, as a matter of law, I knew he had not paid the purchase price and had not acquired title, yet I have since then removed myself and the property into Alabama and have, by reason of its laws governing similar transactions, if they had taken place here, thereby divested you of your title to the property and relieved myself of any liability for its conversion."

We find no reason for departing from our former holding as expressed in the original opinion, and the application for rehearing is consequently overruled.

(NOTE.—The judgment of the Court of Appeals has been affirmed by the Supreme Court, on certiorari.— Reporter.)