PATERSON v. BRIDGES. (1 Div. 228.)

(Court of Appeals of Alabama. April 17, 1917.)

1. APPEAL AND ERROR 866(1)—SCOPE OF REVIEW.

After nonsuit, it was the plaintiff's right to have a review of the rulings of the court on demurrers to the special pleas, although the general issue was also pleaded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3467–3473.]

2. LANDLORD AND TENANT 190(1)—RENT —EVICTION.

If the tenant suffers total eviction, actual or constructive, he may plead this in bar of the landlord's claim for subsequently accruing rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765, 767–769.]

3. LANDLORD AND TENANT 172(2)—"EVICTION."

To constitute a constructive "eviction," resulting from the interference with the right of the tenant to quiet enjoyment by the landlord, not resulting in actual dispossession, it is necessary that the conduct of the landlord manifest an intention to deprive the tenant of possession of the rented premises, and the intent need not be actual, but may be presumptive or inferable from the character of the landlord's interference.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 696, 698, 699.

For other definitions, see Words and Phrases, First and Second Series, Eviction.]

4. LANDLORD AND TENANT 173—EVICTION.

A constructive eviction cannot be predicated on the acts or conduct of a third party, unless such third party is acting under the landlord's authority, express or implied.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 705–707.]

5. LANDLORD AND TENANT 173—EVICTION.

The landlord of an apartment house, who lets it for a dwelling place to tenants, is not responsible for the conduct of other tenants acting within their rights in their own apartments; but if the conduct of the other renters is unlawful, and amounts to a nuisance, and such nuisance is established or maintained with the consent and connivance of the landlord, and as a

consequence other tenant's rights are materially disturbed and interfered with, he has a right to quit the premises and treat it as a constructive eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 705–707.]

6. LANDLORD AND TENANT 230(2)—EVICTION—PLEADING.

In landlord's action for rent, a plea that the rent notes were given for rent for rooms in an apartment house where the landlord, through its agent, permitted persons to occupy other rooms, that such persons were so disorderly that defendant could not rest in peace nor enjoy a full night's sleep, that defendant complained to plaintiff's agent, but that the trouble continued, and defendant was obliged to remove, was insufficient to establish constructive eviction.

[For other cases, see Landlord and Tenant, Cent. Dig. §§ 912–916.]

7. PLEADING 8(7)—CONCLUSIONS.

In action for rent, a plea that notes were given for rent for rooms in an apartment house under contract with plaintiff's agent, and that plaintiff breached the contract by allowing other tenants to create such disorder as to render occupancy of the rooms impossible, that defendant complained to plaintiff's agent, but that no relief was given him, was subject to objection that it stated conclusions, and not facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 18.]

Appeal from Circuit Court, Mobile County; Samuel B. Browne, Judge.

Action by A. J. Paterson against Wm. D. Bridges for rent. Judgment for defendant on the pleading, and plaintiff takes nonsuit, with bill of exceptions, and appeals. Reversed and remanded.

The action was upon rent notes, and was begun July 7, 1915, and declared on notes due in February, March, April, May, June, and July, 1915. Defendant interposed the following pleas:

(1) In short, by consent, the general issue.

(2) "Defendant says the notes were given for rent for rooms in an apartment house situated in the city of Mobile, and that, after defendant and his mother moved into said apartment, the plaintiff, acting through and by its agent, permitted and allowed divers persons to occupy other rooms in the house, and that such other persons were so disorderly in their conduct in said rooms that defendant and his mother could not rest in peace, neither could they enjoy a full night's sleep, by reason of such disorderly conduct; that defendant at once began complaints to plaintiff's agent, through whom they had rented these rooms, about these conditions, and advised them that he had his mother living with him, and that they could not stand such disorder as was being carried on in said rooms by the other said occupants. Defendant further alleges that, by reason of plaintiff's said agent permitting and allowing said other parties to occupy rooms in the said building, it rendered the occupancy of said rooms for which said notes were given as rent impossible by this defendant, and that, although defendant complained to said agent, they gave him no relief whatever. Whereupon defendant was compelled to move out of said rooms, and was not given the quiet and peaceable enjoyment which the law assured him."

(3) "Defendant says that the notes were given as rent for certain rooms in an apartment house, defendant having entered into the room under a contract with plaintiff, who was then and there acting by and through his agent; that plaintiff

breached the said contract, in that he suffered and allowed other tenants to create such disturbance and disorder in the building, and to carry on in such unseemly manner as to render the occupancy of said rooms impossible; that defendant complained to plaintiff, through his said authorized agent, about the conditions that were existing, but that no relief was given him. Wherefore defendant says that plaintiff breached his said contract of rental, and he is not liable on said note."

Armbrecht, McMillan & Caffey, of Mobile, for appellant. Gordon & Edington, of Mobile, for appellee.

BROWN, P. J. [1] The appellant's right to review the rulings of the court on the demurrers to the special pleas, after nonsuit, suffered because of such ruling, although the general issue was also pleaded, is well established. Code 1907, § 3017; Bush v. Russell, 180 Ala. 590, 61 South. 373; Albany Warehouse Co. v. Fisk Cotton Co., 12 Ala. App. 527, 67 South. 728; Broadwell v. Imms, 14 Ala. App. 437, 70 South. 294.

[2] If the tenant suffers total eviction, actual or constructive, he may plead this in bar of the landlord's claim for subsequently accruing rent. Tiffany's Landlord and Tenant, p. 1221; Abrams v. Watson, 59 Ala. 524; Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446.

[3] The question here presented is whether the act averred in the second plea constitutes, as a matter of law, a constructive eviction; and while the authorities are not uniform, the weight of authority seems to establish the doctrine that, to constitute a constructive eviction, resulting from the interference with the right of the tenant to quiet enjoyment, by the landlord, not resulting in actual dispossession, it is necessary that the conduct of the landlord manifest an intention to deprive the tenant of possession of the rented premises. The intent need not be actual, but may be presumptive, or inferable from the character of the landlord's interference. Warren v. Wagner, supra; Tiffany's Landlord & Tenant, § 185, p. 1258; Skally v. Shute, 132 Mass. 367.

[4] A constructive eviction cannot be predicated on the acts or conduct of a third party, unless such third party is acting under the landlord's authority, express or implied. Warren v. Wagner, supra; Hyman v. Jockey Club Co., 9 Colo. App. 299, 48 Pac. 671; Sherman v. Williams, 113 Mass. 481, 18 Am. Rep. 522; City Power Co. v. Fergus Falls Water Co., 55 Minn. 172, 56 N. W. 685, 1006.; Tiffany's Landlord & Tenant, § 186, pp. 1301, 1302; Seaboard Realty Co. v. Fuller, 33 Misc. Rep. 109, 67 N. Y. Supp. 146; Dewitt v. Pierson, 112 Mass. 8, 17 Am. Rep. 58, and notes 62, 63; Townsend v. Gilsey, 31 Super. Ct. 155.

[5] The landlord of an apartment house, who lets it for a dwelling place to tenants, is not responsible for the conduct of other tenants acting within their rights in their own apartments; but if the conduct of the other renters is unlawful, and amounts to a nuisance, and such nuisance is established or maintained with the consent and connivance of the landlord, and as a consequence other tenants' rights are materially disturbed and interfered with, he has a right to quit the premises and treat it as a constructive eviction. 24 Cyc. 1147; Duff v. Hart (Com. Pl.) 16 N. Y. Supp. 163; Lay v. Bennett, 4 Colo. App. 252, 35 Pac. 748; Weiler v. Pancoast, 71 N. J. Law, 414, 58 Atl. 1084; Dyett v. Pendleton, 8 Cow. (N. Y.) 727.

[6] The averments of the second plea do not bring the case within these principles, and the court erred in overruling the demurrers.

[7] The defense set up in the third plea seems to be rested on an express contract on the part of the landlord to protect the defendant against the acts and conduct of the landlord's other tenants (Abrams v. Watson, supra); and the plea was subject to the objection that it stated conclusions and not the facts showing the conditions of the contract and its breach (N., C. & St. L. R. Co. v. Parker, 123 Ala. 683, 27 South. 323; Thomas v. Irvine, 171 Ala. 332, 55 South. 109).

Reversed and remanded.