This is a landlord/tenant case.
In January 1992, Marlene Sam and James Beaird entered into a "dwelling lease agreement" in conjunction with the Mobile Housing Board's Section 8 Housing Rental Assistance Program. At the same time, the parties entered into a "Housing Assistance Payments Contract" whereby Sam agreed to pay Beaird $70 per month as rent and the Mobile Housing Board (hereinafter "Housing Board") would pay Beaird an additional $215. Under the lease agreement and the contract, Beaird was obligated to maintain the rented property, a house, at certain designated standards. Although there was evidence that the house failed to meet the designated standards at sometimes, Sam continuously occupied the house until January 1994. On January 10, 1994, Beaird informed the Housing Board and Sam that he wished to exercise his right to terminate the lease and the contract.
In March 1994, Sam sued Beaird in the Mobile County District Court asserting claims for breach of contract and violations of the Alabama Deceptive Trade Practices Act, § 8-19-1 et seq., Ala. Code 1975 (hereafter, the ADTPA). The district court entered a judgment for Sam for $167, the amount of the security deposit, but the court awarded no other damages. Sam appealed to the Mobile County Circuit Court.
In the Circuit Court, Sam amended her complaint to add a claim for constructive eviction. The case was tried before a jury in October 1995. After Sam had presented her case, Beaird filed a motion for a directed verdict and a motion to assess attorney fees under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala. Code 1975. Both motions were denied. Following the presentation of all the evidence, the trial court directed a verdict in favor of Beaird on Sam's claims alleging violations of the ADT-PA and constructive eviction. The jury returned a verdict in favor of Beaird on the breach of contract claim. The trial court denied Sam's motion for a new trial.
Sam appeals, contending that the trial court erred (1) by directing a verdict for Beaird on her claims alleging constructive eviction and violations of the ADTPA; and (2) by giving an improper jury charge on her claim for breach of contract. Beaird cross-appeals, contending that the trial court erred by denying his motion to assess attorney fees under the Alabama Litigation Accountability Act.
 I. Directed Verdict "The standard of review applicable to a directed verdict motion is whether the nonmovant has presented sufficient evidence to allow submission of the case or issue to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350
(Ala. 1992). The nonmovant must present substantial evidence supporting each element of his cause of action. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989)."
Key v. Maytag Corp., 671 So.2d 96, 101 (Ala.Civ.App. 1995). In reviewing a ruling on a *Page 744 
motion for a directed verdict, we view the evidence in a light most favorable to the nonmovant and entertain such reasonable inferences from the evidence as the jury would have been free to draw. Williams v. Allstate Insurance Co., 591 So.2d 38
(Ala. 1991); Bailey v. Avera, 560 So.2d 1038 (Ala. 1990).
Sam first contends that the trial court erred by directing a verdict for Beaird on her claim alleging violation of the ADTPA. Sam argues that Beaird violated the ADTPA because, she says, Beaird made misrepresentations to her concerning the condition of the house and he failed to make the repairs required by the lease agreement and the Housing Assistance Payments Contract. The trial court directed a verdict for Beaird based on its determination, as a matter of law, that none of the specific unlawful trade practices set forth in § 8-19-5 were applicable to the facts of this case.
The ADTPA, § 8-19-1 et seq., Ala. Code 1975, is a consumer protection statute designed to punish persons that engage in deceptive trade practices. The Act, among other things, defines words and phrases, § 8-19-3; authorizes the attorney general and district attorneys to enforce the act, § 8-19-4; lists specific unlawful trade practices, § 8-19-5; lists exemptions, § 8-19-7; establishes a private right of action, § 8-19-10; provides penalties for violations of the Act, § 8-19-11; and sets forth the applicable statute of limitations, § 8-19-14.
 "This court's role in the area of statutory construction is to ascertain and effectuate the intent of the legislature. Miller v. Director, Alabama Department of Industrial Relations, 460 So.2d 1326 (Ala.Civ.App. 1984). Therefore, when a statute is clear and unambiguous, no room exists for judicial construction, and the courts are obligated to apply the clear meaning of the statute. East Montgomery Water Sewer Fire Protection Authority v. Water Works Sanitary Sewer Board, 474 So.2d 1088 (Ala. 1985). In applying the clear meaning of the statute, courts must look at the entire statutory scheme rather than isolated phrases or clauses. Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala. 1984)."
Bronner v. Gatewood, 512 So.2d 102, 105-106
(Ala.Civ.App. 1986).
At the time of this writing, there are no Alabama cases interpreting the scope of the specific unlawful trade practices described in § 8-19-5. It is apparent from the entire statutory scheme, however, that the statutory provisions in § 8-19-5 are designed to have limited application, and are intended to replace the common law and statutory actions for fraud only in specifically designated situations. There is no language in the ADTPA that specifically addresses the evidence that Sam contends establishes her claim. We consider, therefore, whether the "catch-all" provision of the ADTPA, § 8-19-5(23), is applicable.
Section 8-19-5(23) makes unlawful "Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce." As is evident from this language, the ADTPA is generally written to require some knowledge of false or deceptive conduct on the part of the wrongdoer. Further, our Supreme Court has interpreted other sections of the ADTPA to require knowledge of wrongdoing. See, e.g., Strickland v. Kafko Mfg., Inc., 512 So.2d 714 (Ala. 1987) (holding that lack of proof that manufacturer knew it failed to ship goods for which it had received payment supported the trial court's directed verdict that no claim was stated under §8-19-5(17)).
Viewing the evidence most favorably to Sam, the record shows that Beaird took steps to insure that the residence met the applicable standards when the lease agreement was entered. When the residence later fell below those standards, Beaird made the necessary repairs to maintain compliance with the standards. The ADTPA cannot be read to hold Beaird liable for guaranteeing that the premises would never deteriorate. Consequently, the trial court did not err in directing a verdict for Beaird on Sam's claims under the ADTPA.
The trial court also directed a verdict for Beaird on Sam's claim alleging constructive eviction. Sam argues that the directed *Page 745 
verdict on her constructive eviction claim was improper, because, she says, the evidence presented at trial established that the house was not habitable on two occasions during her occupancy. The record reveals that in November 1993, there were some reoccurring problems with the heating system in the house. Also, in January 1994, a pipe under the house froze, leaving Sam without water for six days. However, the record also reveals that once notified of the problems, Beaird took steps to have them repaired.
With regard to constructive eviction, our Supreme Court has stated:
 "[T]o constitute a constructive eviction resulting from the interference with the right of the tenant to quiet enjoyment, by the landlord, not resulting in actual dispossession, it is necessary that the conduct of the landlord manifest an intent to deprive the tenant of possession of the rented premises. The intent need not be actual, but may be presumptive, or, inferable from the character of the landlord's interference."
Southern Security Services, Inc. v. R.N. Esneault,435 So.2d 1309, 1312 (Ala.Civ.App. 1983) (quoting Paterson v. Bridges,16 Ala. App. 54, 55, 75 So. 260, 261 (1917)).
The evidence presented at trial did not indicate that Beaird had intended to render the house uninhabitable. Although Sam testified that the house fell into disrepair at times during her occupancy, Beaird took steps to make the necessary repairs when notified that repairs were needed. Because there is no evidence from which a jury could infer that Beaird intended to deprive Sam of possession, the trial court did not err in directing a verdict for Beaird on Sam's constructive eviction claim.
 II. Breach of Contract
Sam also argues that the trial court erred when charging the jury on her breach of contract claim. However, "when a party contends that the trial court committed error in making charges or comments to the jury, the error can not be raised for the first time on appeal. Absent an objection to an alleged error on a ruling by the trial court, there is nothing for this Court to review." Biddie v. State, 516 So.2d 846, 846-47 (Ala. 1987) (citations and emphasis omitted). Sam did not object when the trial court gave the charges that she contends were erroneous; therefore, we will not address her allegation of error.
 III. Cross-Appeal
The Alabama Litigation Accountability Act provides that reasonable attorney fees and costs may be awarded against any attorney or party who brings a civil action "without substantial justification." § 12-19-271, Ala. Code 1975; Tatumv. Goode, 591 So.2d 84 (Ala.Civ.App. 1991). "The clear terms of § 12-19-271(1) require that for an action, claim, or defense to be 'without substantial justification' it must be either 'frivolous,' 'groundless in fact,' 'groundless in law,' 'vexatious,' or 'interposed for any improper purpose.' "Pacific Enterprises Oil Co. v. Howell Petroleum Corp.,614 So.2d 409, 418 (Ala. 1993).
Although Sam did not prevail, her claims were not so lacking in merit as to be frivolous. Further, there is no evidence that Sam pursued her claims in bad faith or with malicious intent. Thus, the trial court did not err by refusing to award Beaird attorney fees under the Alabama Litigation Accountability Act.
The judgment of the trial court is due to be affirmed.
The appellee's request for an attorney fee and costs on appeal, pursuant to § 12-19-270 et seq., Ala. Code 1975, is denied.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., concurs specially.