This is an unemployment compensation case.
The claimant appeals from an order of the Madison County Circuit Court which found that the claimant was not entitled to unemployment compensation benefits because of her self employment during the period for which she claimed benefits.
The claimant was employed as a government contract administrator for SCI Systems, Inc. While so employed, she became licensed to practice law in the State of Alabama. With her employer's permission, she maintained a part-time law practice in addition to her full-time job.
In August 1983, the claimant was involuntarily terminated from her position with SCI Systems, Inc. She continued her part-time legal practice, and applied for unemployment compensation benefits for her termination from her full-time position. She later returned to full-time employment as a government contract administrator when she obtained a job in Orlando, Florida.
The Department of Industrial Relations denied unemployment benefits to the claimant on the grounds that she was disqualified by law from receiving benefits. The claimant then filed suit in Madison County Circuit Court, where the trial judge upheld the Department's decision. The relevant statute is § 25-4-78, Code of Alabama 1975, which reads in pertinent part, as follows:
 "Disqualifications for benefits. An individual shall be disqualified for total or partial unemployment:
 "(11) Self-employment. For any week in which he is self-employed and each week thereafter until he shall establish that he is no longer self-employed."
The claimant contends on appeal that the definition and scope of "self-employed" has not been defined by the legislature or courts of Alabama and that it is a violation of the purpose of the Unemployment Compensation Act to deny benefits to a claimant on the basis of the claimant's self-employment when the claimant would otherwise have been entitled to receive benefits.
The judiciary's fundamental role, in the realm of statutory construction, is ascertaining and effectuating legislative intent. Dumas Brothers Manufacturing Co. v. Southern GuarantyInsurance, 431 So.2d 534 (Ala. 1983). When the statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent must be given effect. Dumas, supra.
The statute in question here, § 25-4-78, by our observation, is distinct and unequivocal. It clearly states that an individual shall be disqualified from receiving unemployment compensation if that individual is self-employed during the time for which he claims benefits. That fact has been stipulated to by the parties. Any departure from or exception to the clear provisions of the statute is a legislative prerogative and not within the power of the judiciary.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.