This is an appeal from a decision requiring the Employees' Retirement System of Alabama to pay certain preretirement death benefits to the plaintiff.
Robert M. Gatewood, the plaintiff's husband, worked for the State of Alabama for approximately thirty-six years. At the time of his death, Mr. Gatewood was chief of bureau design for the State Highway Department. As a member of the State Employees' Retirement System, Mr. Gatewood had become eligible to retire and receive benefits as early as April 1979. Upon Mr. Gatewood's death in November 1984, his surviving spouse, Mrs. Edna B. Gatewood, became entitled to receive a lifetime monthly survivor's allowance pursuant to section 36-27-16(c)(2), Code 1975 (1986 Cum.Supp.). The plaintiff is presently receiving such a monthly allowance, the amount of which is $1,140.16.
After she began receiving the monthly survivor's allowance, the plaintiff learned of the State's recently enacted Preretirement Death Benefit Act and thereafter contacted the Retirement System's office concerning the benefit. See §§36-27B-1 to -5, Code 1975 (1986 Cum.Supp.) (hereinafter cited as Preretirement Death Benefit Act). Employees' Retirement System personnel informed the plaintiff that she could not receive a preretirement death benefit pursuant to sections36-27B-1 to -5 because her husband was among the class of State employees whose surviving spouses were eligible to receive lifetime survivorship allowances pursuant to section36-27-16(c)(2).
The plaintiff subsequently instituted this action against Mr. David G. Bronner, who is the chief executive officer of the Employees' Retirement System of Alabama, and against the Employees' Retirement System. The plaintiff sought payment of the sections 36-27B-1 to -5 preretirement death benefit in addition to the section 36-27-16(c)(2) survivorship allowance. Additionally, she sought interest on the amount of the outstanding preretirement death benefit claimed by her. After submission of the case on the record and pleadings, the trial court held that the Preretirement Death Benefit Act was unambiguous, that the plaintiff was eligible for benefits under the Act, and that the Employees' Retirement System should pay the plaintiff a preretirement death benefit of $48,280.00 plus interest from the date of her husband's death. The Employees' Retirement System appeals.
In brief the Employees' Retirement System says the trial court erred in concluding that the plaintiff was eligible for a preretirement death benefit in addition to the lifetime monthly survivor's allowance she is presently receiving. Additionally, the Employees' Retirement System says the trial court erred in awarding the plaintiff interest on the amount of the death benefit deemed to be owed. *Page 104 
The Employees' Retirement System first argues that the plaintiff is not entitled to a preretirement death benefit because plaintiff's husband died prior to the effective date of the Act, i.e. October 1, 1985. The plaintiff, however, argues that this court is precluded from deciding this issue because it was not decided by the trial court.
At the outset, we note that a trial court may not be put in error for failure to rule on an issue which was not presented to it or decided by it. Ex parte Linnell, 484 So.2d 455
(Ala. 1986). The record in the present case, however, indicates that the trial court decided the plaintiff was eligible for a death benefit pursuant to the provisions of the Preretirement Death Benefit Act. The issue regarding the effective date of the Act is directly related to the plaintiff's eligibility for benefits. Also, the issue regarding eligibility under the Act was raised in the pleadings, and the case was decided after submission of the affidavits and pleadings to the trial court. Since the issue of the plaintiff's eligibility was raised in the pleadings and decided by the trial court, this court may review the trial court's decision with respect to this issue.
The Preretirement Death Benefit Act expressly stated that it was to become effective on October 1, 1985. However, section36-27B-5 states:
 "Should the actuaries employed by the respective boards of control certify a decrease in the rate of employer contributions . . . the boards of control may by joint resolution declare the provisions of this chapter to become effective on October 1 next following the adoption of said resolution. . . ." (emphasis added)
Thus, the clear language of the Preretirement Death Benefit Act allows the Act to become effective earlier than October 1, 1985 at the option of the joint boards of control by joint resolution making the statute effective. In the present case the retirement system answered one of the plaintiff's interrogatories and stated that the effective date of the statute was July 26, 1983, almost eighteen months prior to the plaintiff's husband's death. It appears that the interrogatory was propounded by the plaintiff to ascertain whether the Act had become effective prior to October 1, 1985, i.e. whether section 36-27B-5 had been effectuated by the boards of control of the retirement systems. As can be clearly perceived from a reading of section 36-27B-5, the defendant would be the proper agency to say whether the Act had become effective prior to October 1, 1985. The interrogatory in question obviously sought such information to enable plaintiff to decide whether the Act was in force at the time of the death of her husband. The defendant responded to the interrogatory by saying that the Act was in effect. Based upon this evidence, we hold that it was not unreasonable for the trial court to conclude that the Act was effective at the date of the plaintiff's husband's death.
Having reached this conclusion with respect to the effective date of the statute, we now address the Employees' Retirement System's next contention. The Employees' Retirement System says that the trial court erred in ruling that the plaintiff was eligible for a preretirement death benefit under the unambiguous language of sections 36-27B-1 to -5. The parties agreed and the trial court found that the Preretirement Death Benefit Act is unambiguous on its face. However, the parties disagree as to the proper construction of the code section in question. The plaintiff argues that the statute was enacted to supplement the lifetime monthly survivor's allowance payable pursuant to section 36-27-16(c)(2). On the other hand, the Employees' Retirement System says the statute was intended to benefit only those employees who are not eligible for the lifetime monthly survivor's allowance awarded pursuant to section 36-27-16(c)(2). The trial court, as previously stated, determined that the preretirement death benefit was to be awarded in addition to the benefits due plaintiff pursuant to section 36-27-16(c)(2).
At this point, we believe an historical review of the applicable provisions of the state retirement law will be helpful to an understanding of the parties' contentions and our ultimate decision in this case. *Page 105 
Prior to the enactment of the statute in question, beneficiaries of deceased employees could receive death benefits only in one of the following three ways:
 "(2) In case of the death of a member eligible for service retirement pursuant to subsection (a) of this section, an allowance shall be paid to the surviving spouse in an amount that would have been payable if the member had retired immediately prior to his death and had elected option 3. . . .
 "(3) In case of the death of a member not eligible for service retirement, after completion of 25 years of creditable service, an allowance shall be paid . . . in an amount that would have been payable if the member had retired for disability immediately prior to his death and had elected option 3 as set forth in subsection (d) . . . or . . . he may choose to receive the accumulated contributions of the member in lieu of the allowance provided under option 3 plus an amount equal to the accumulated contributions of the member not to exceed $5,000.00;
 "(4) Upon the death of a member on account of whom no survivor allowance is payable under subdivisions (2) or (3) of this subsection, the accumulated contributions of the member plus an amount equal to the accumulated contributions not to exceed $5,000.00 shall be paid to his estate or to such person as he shall have nominated by written designation. . . ."
§§ 36-27-16(c)(2) to -16(c)(4), Code 1975 (1986 Cum.Supp.)
Thus, under the prior compensation scheme, where an employee such as the plaintiff's husband died while still in active service but eligible for retirement, his surviving spouse received a retirement benefit called a "survivor's allowance" as if the employee had retired. Under the second provision, the surviving spouse of an employee not eligible for retirement who had worked for at least twenty-five years and died while in service received either a survivor's allowance the equivalent of a disability retirement benefit or the amount of the employee's contributions and a matching death benefit not to exceed $5,000.00. The third provision allowed the surviving spouse of an employee who is neither eligible for retirement nor had served twenty-five years to receive the amount of his contributions plus a matching benefit not to exceed $5,000.00. It appears that these benefits were in effect from 1967 until the effective date of the Preretirement Death Benefit Act.
The Preretirement Death Benefit Act, in pertinent part, provides:
 "§ 36-27B-1. There shall be created the preretirement death benefit program effective October 1, 1985. . . ."
 "§ 36-27B-2. A separate fund to be known as the preretirement death benefit fund is hereby established within the employees' retirement system of Alabama and the teachers' retirement system of Alabama to be held in trust by the respective boards of control. . . ."
 "§ 36-27B-3. Upon receipt of proof satisfactory to the respective board of control, of the death of a contributing member, in-service, who had completed at least one year of contributing membership . . . there shall be paid to such person as [the contributing member] shall have nominated . . . a death benefit equal to the annual earnable compensation of the member as reported to the retirement systems for the preceding fiscal or scholastic year. . . . Such death benefit shall be payable in lieu of the matching amount equal to the accumulated contributions of the member not to exceed $5,000.00 pursuant to the provisions of sections 36-27-16(c)(3) and 36-27-16(c)(4). . . ." (emphasis added)
§§ 36-27B-1 to -3, Code 1975 (1986 Cum.Supp.).
This court's role in the area of statutory construction is to ascertain and effectuate the intent of the legislature.Miller v. Director, Alabama Department of Industrial Relations,460 So.2d 1326 (Ala.Civ.App. 1984). Therefore, when a statute is clear and unambiguous, no room exists for judicial construction, and the courts are obligated to apply the clear meaning of the statute. East Montgomery *Page 106 Water Sewer Fire Protection Authority v. Water Works Sanitary Sewer Board, 474 So. 1088 (Ala. 1985). In applying the clear meaning of the statute, courts must look at the entire statutory scheme rather than isolated phrases or clauses.Alabama Farm Bureau Mutual Casualty Insurance Co. v. City ofHartselle, 460 So.2d 1219 (Ala. 1984).
Prior to the enactment of the Preretirement Death Benefit Act, the surviving spouse of any State employee who was eligible for retirement, but who died prior to retirement, was eligible for a monthly survivorship allowance. The amount of the monthly survivorship allowance was "one-half of [the employee's] reduced allowance." § 36-27-16(d)(3), Code 1975 (1986 Cum.Supp.). Also, prior to the Preretirement Death Benefit Act, the surviving spouse of any State employee who died prior to being eligible for retirement could elect to receive either one-half of the employee's reduced allowance or to receive the amount of his accumulated contributions plus a matching amount not to exceed $5,000.00. § 36-27-16(c)(3), Code 1975 (1986 Cum.Supp.). If the survivor of a member who dies in service is not entitled to an allowance under subdivisions (2) or (3), the accumulated contributions of the member plus an amount equal to the accumulated contributions not to exceed $5,000 shall be paid to said survivor or the member's estate. §36-27-16(c)(4), Code 1975 (1986 Cum.Supp.).
The Preretirement Death Benefit Act expressly provides that it is payable "in lieu of the matching amount equal to the accumulated contributions of the member not to exceed $5,000.00 pursuant to the provisions of sections 36-27-16(c)(3) and36-27-16(c)(4). . . ." § 36-27B-3, Code 1975 (1986 Cum.Supp.) (emphasis added). Since the death benefit is expressly payablein lieu of the matching amounts contained in sections36-27-16(c)(3) and -16(c)(4), it appears that the legislature intended the Preretirement Death Benefit Act to merely replace the matching compensation scheme embodied in those two subsections.
The plaintiff, however, argues that the Preretirement Death Benefit Act applies to all employees who have served the State for a period longer than twelve months. The plaintiff says that such a reading of the statute would effectuate the true intent of the legislature because, had the legislature not intended the surviving spouses of all State employees serving more than one year to be eligible to receive a death benefit, it would not have created a separate preretirement death benefit statute. The plaintiff also says the legislature obviously intended the Preretirement Death Benefit Act to apply to all State employees serving more than one year because such a construction would reward long-time employees eligible for retirement, while an opposite construction would penalize long-time employees eligible for retirement.
We find these arguments to be meritless. First, the Preretirement Death Benefit Act expressly states that a benefit is payable in lieu of the matching allowances originally payable pursuant to sections 36-27-16(c)(3) and -16(c)(4), but does not change the survivor's allowance payable pursuant to section 36-27-16(c)(2). Had the legislature intended those employees covered under section 36-27-16(c)(2) to be provided a preretirement death benefit, it could easily have so provided. Instead, the legislature expressly provided that those employees covered under section 36-27-16(c)(2), among whom the plaintiff's husband was a member, were not eligible to receive a preretirement death benefit.
As stated above, the legislature expressly excluded the surviving spouses of those employees eligible for retirement who had yet to retire from eligibility for a death benefit. For this reason, the plaintiff's assertion that the statute should be construed to apply to the plaintiff's husband because the legislature somehow intended to reward long-time employees is equally without merit.
Since the statute specifically makes the payment of a death benefit in lieu of the matching allowances originally payable pursuant to sections 36-27-16(c)(3) and 36-27-16(c)(4), but does not change the survivor's *Page 107 
allowance payable under section 36-27-16(c)(2), the clear intent of the legislation was not to include a survivor under subsection (2) in that group who would be eligible to receive the preretirement death benefit.
In view of the manner in which we have disposed of plaintiff's preretirement death benefit claim, we see no need to address the issue raised by the Employees' Retirement System that the trial court erred in awarding interest on the judgment given plaintiff.
The judgment of the trial court is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and SCRUGGS, Retired Circuit Judge[1], concur.
HOLMES, J., recuses himself.
[1] Retired Circuit Judge Edward N. Scruggs heard oral argument in the foregoing case in place of Judge Holmes, who recuses himself. Judge Scruggs was designated to hear oral argument by the presiding judge pursuant to section 12-18-10(e), Code 1975.