SHORES, Justice.
This is an appeal from a summary judgment entered on behalf of the defendants, Leon Crawford and others. We affirm.
The plaintiff, Bert W. Danner, brought a declaratory judgment action against Crawford and other members of the Alabama Real Estate Commission (“Commission”) challenging Crawford’s right to succeed Danner as a member of the Commission.
Danner’s complaint averred that he was a member of the Commission with a term expiring on September 30, 1987; that Crawford was appointed to the Commission as Danner’s successor while the Senate was in recess; and that pursuant to the terms of Ala.Code 1975, § 34-27-7, Crawford has no right to hold office because his appointment has not yet been confirmed by the Senate. The complaint sought declaratory and injunctive relief to allow Danner to remain in office until his successor was appointed and confirmed by the Senate to replace him.
The parties agreed to stipulated facts, so their disagreement is limited to the meaning of § 34r-27-7. After oral arguments by counsel, the trial court concluded that there were no genuine issues as to any material fact in controversy, and that the defendants were entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Consequently, the defendant’s motion for summary judgment was granted. Danner then brought this appeal.
Danner is a real estate broker from Huntsville. In 1977, Governor George Wallace appointed him as a member of the Commission for a term ending September 30,1982. In 1982, Danner was reappointed to the Commission by Governor Fob James. The Senate did not act upon the appointment during the final months of the James administration. In January 1983, however, Governor Wallace again submitted Dan-ner’s name to the Senate. The Senate confirmed Danner for a term to expire September 30, 1987.
On October 19,1987, Governor Guy Hunt appointed Leon Crawford to replace Dan-ner on the Commission, for a term expiring in 1992. The Alabama Senate was not then in session. Though Crawford’s appointment has been sent to the Senate, the Senate has not yet confirmed his appointment.
Initially, we note:
“[A court’s] role in the area of statutory construction is to ascertain and ef *712 fectuate the intent of the legislature. Miller v. Director, Alabama Department of Industrial Relations, 460 So.2d 1326 (Ala.Civ.App.1984). Therefore, when a statute is clear and unambiguous, no room exists for judicial construction, and the courts are obligated to apply the clear meaning of the statute. East Montgomery Water, Sewer & Fire Protection Authority v. Water Works & Sanitary Sewer Board, 474 So.2d 1088 (Ala.1985).”
Bronner v. Gatewood, 512 So.2d 102, 105-06 (Ala.Civ.App.1986), affirmed, 512 So.2d 107 (Ala.1987).
In this case, the statute in question is Ala.Code 1975, § 34r-27-7, the controlling portion of which reads as follows:
“(a) There is hereby created the Alabama real estate commission. The commission shall consist of seven members appointed by the governor with the advice and consent of the senate. Appointments made at times when the senate is not in session shall be effective ad interim. Any appointment made by the governor while the senate is in session must be submitted to the senate not later than the third legislative day following the date of appointment; any appointment made while the senate is not in session shall be submitted not later than the third legislative day following the reconvening of the legislature. Each appointee shall have been a resident and citizen of this state for at least 10 years prior to his appointment and whose vocation for at least 10 years shall have been that of a real estate broker or real estate salesman. No person convicted of a violation of any federal or state real estate license law shall be eligible to serve. Not more than one member from any congressional district shall be appointed to serve at the same time. The members of the commission shall serve five-year terms. Each member shall hold office until his successor is appointed and qualified. All appointments shall expire on September SO of the final year of a term, or on the date a successor to the member is appointed and qualified. If a member does not serve his full term, the governor shall appoint, subject to confirmation by the senate, a member to serve the unexpired portion of the term.” (Emphasis added).
Plaintiff contends that the statute requires that he hold over past the end of his term, until his successor is appointed and confirmed. He argues that the “qualification” required by the statute is confirmation by the senate. We are unpersuaded by this argument.
“The purpose of provisions authorizing officers to hold over is to prevent a hiatus in the government pending the time when a successor may be chosen and inducted into office, for, in the absence of any provisions to the contrary, public interest requires that public offices should be filled at all times, without interruption.”
63A Am.Jur.2d Public Officers and Employees § 166 (1984).
The statute creating the Commission specifically enumerates the qualifications to serve as a member of the Commission. The appointee must have been a resident and citizen of the state for at least 10 years prior to the appointment. The appointee’s vocation for at least 10 years must have been that of a real estate broker or salesman. The appointee must not have been convicted of a violation of any federal or state real estate license law. The stipulation of facts entered into by the parties concedes that Crawford met each of these requirements at the time of his appointment by Governor Hunt. Consequently, he was “qualified” at that time.
“In all cases the right of an officer to hold over after the expiration of his term exists only where there is no legally elected and qualified successor, for when the rights of the successor vest those of the incumbent holdover terminate.”
63A Am.Jur.2d Public Officers and Employees § 168.
Mr. Danner’s term of office as a member of the Alabama Real Estate Commission expired on September 30, 1987. In accordance with § 34-27-7, Danner correctly held over his office until October 19, 1987. On *713 that date, the Governor appointed Mr. Crawford to replace Mr. Danner on the Commission. Because Mr. Crawford met the qualifications for the position, the rights of the office vested in him at that time ad interim. Therefore, the judgment of the trial court was correct; it is due to be, and it hereby is, affirmed.
AFFIRMED.
MADDOX, JONES, BEATTY and ADAMS, JJ., concur.